## PAINE *v.* CENTRAL VERMONT R. CO.

(*Circuit Court, D. Vermont.* November 7, 1882.)

PROMISSORY NOTE—DEFENSES—PAROL TESTIMONY—SUIT BY INDORSEE—EQUITIES.
 Defendant, a railroad corporation, executed a note, payable *on demand,* for money loaned by the payee, with the understanding that such note should stand against assessments on payee's subscription to the capital stock of defendant, and be delivered up when the stock was issued. Assessments large enough to cover the note were made. Afterwards, and three or four months after its date, the note was transferred to the plaintiff as security for a loan. The difference between the amount of the note and the assessments was paid in cash; and the stock was delivered after the plaintiff took the note. *Held,* that in a suit brought by the holder of such a note against defendant it was subject to all defenses that it would have been subject to in the hands of the original parties, as it must be considered as having been taken by the plaintiff after maturity, being payable on demand, under circumstances that should have put him upon inquiry, and that parol testimony was admissible to show the understanding between the original parties at the time the note was given

*Heman S. Royce* and *Eleazer R. Hard*, for plaintiff.

*Daniel Roberts*, for defendant.

WHEELER, D. J.    The note on which this suit is brought was given for money lent, was payable on demand with interest, and was to stand against assessments on the subscription of the person to whom it was originally made payable to the defendant's capital stock.    It came to the hands of the plaintiff between three and four months after it was made.    Assessments on that subscription large enough to cover the note were made and stood against that person before the transfer of the note to the plaintiff; the balance of the assessments was paid by him, so that the amount due on the assessments exactly equaled the note at the time the plaintiff took it.    The note was to be given up when the stock certificates should be delivered; but the note was in the hands of the plaintiff, and the certificates were delivered to the subscriber on his assurance that he would procure the note and give it up.

The evidence by which these facts as to the assessments were proved was objected to, and it is argued that it was not admissible to affect the note, and that without it there would be no defense to the note.    There is no question but that parol evidence is inadmissible to alter, contradict, or vary a written instrument, in an action upon the instrument as claimed by the plaintiff, but that rule is not applicable to this proof.    This evidence did not vary the note nor its obligation.    It recognized the note as a valid instrument according to its terms, but showed an obligation from the holder to an equal amount to be set off against the note.    There is no fair question but that the evidence is admissible if the facts established by it would affect the note in the hands of the plaintiff.    At the time the plaintiff took the note it had not been demanded; and if it had been it would not have been honored but by making the offset, according to the understanding.    The plaintiff took it for value as security for a loan actually advanced.    If he cannot recover upon it he may lose some of the money lent; if he does recover upon it the defendant may lose the assessment.    The question arises here as to which, under the law, should stand this risk of loss.    The plaintiff took the title of the person he dealt with to the note, and acquired all the rights of that person upon the note.    Those rights were to have the note set off against the assessments.    If the plaintiff's rights are no greater than that he cannot recover.    He has no greater rights, unless the defendant is bound to stand to the note as due in the hands of the plaintiff on account of his position in respect to it as induced by the act of the defendant

in leaving the note outstanding.   If the act of the defendant in leaving it outstanding induced him to part with his money without fault, the defendant ought to make the note good to him, as it appeared to be; but if he was in fault in taking it he has no ground to hold the defendant to make it good to him.   As the note was on demand, it was due presently.   It would have to be presented and paid according to the usual course of business, if free from defenses.   The time would come when, if outstanding, the presumption would be that it had been demanded, or that a demand had been omitted because known to be unavailing.   If this time was such as to make it reasonable to suppose that the note was outstanding because it would not be paid, then the plaintiff was in fault in taking it without inquiring of the maker.   Whether the lapse of time was such is a question of law. On this question the authorities are not uniform, but no case shows that more than three months can reasonably be overlooked.   Business paper would usually be adjusted within that time, if regular.   In this case the circumstance that the holder of the note was borrowing on disadvantageous terms, would lead directly to the inquiry why he did not resort to the maker of the note when it was due on demand.   Had the plaintiff inquired, the presumption is that he would have learned the truth, and both would have been saved from loss.   As he did not inquire, it seems more just, as well as lawful, that he should take the risk brought about by the failure to inquire, than that the defendant should.

It has been argued with much plausibility that there was nothing perfected to meet the note until the stock certificates were delivered, long after the plaintiff had it, and that, therefore, it was valid when the plaintiff took it.   But this argument is not well founded in fact. The person who took the note was not a purchaser of stock, but a subscriber for stock.   The assessments made the debt due from him, and it was that debt which met the note.   He could not resist payment of assessments because the stock certificates were not delivered. The delivery of the certificates did not pay the note, nor create the debt which would pay it.   That was merely the occasion when the note was to be delivered up.   *Amer. Bank* v. *Jenness*, 2 Metc. 288. The president of the defendant held out encouragement to the plaintiff that the defendant would pay this note if the plaintiff did not succeed in collecting the debt to which it was collateral; and this fact has been relied upon by the plaintiff as a waiver of the defense now set up.   There was no new consideration for any undertaking in this respect.   It does not appear that the plaintiff lost anything by

reason of what took place on this subject. He has the same right against his debtor since that he had before, and the same rights against the defendant.

The plaintiff must stand upon his rights acquired by taking the note at the time and under the circumstances when he took it. The note was at that time overdue, and he took it with the same obligation that it carried in the hands of the person whom he took it of. This principle that overdue paper is taken subject to all defenses is so well settled in the law as to require no citation of authorities to support it.

Judgment for defendant.