BULL and others *v.* FIRST NAT. BANK OF KASSON and another.

*(Circuit Court, D. Minnesota.   January, 1883.)*

1. NEGOTIABLE PAPER—DRAFT—WHEN OVERDUE.

In determining a question as to the sufficiency of a defense interposed by the drawer or indorser of a draft, payable on presentation or demand, when sued thereon, the draft must be considered as overdue if it was not presented for payment within a reasonable time, and a delay of over five months is unreasonable.

2. SAME—REASONABLE DILIGENCE IN PRESENTMENT AND DEMAND.

The holder of a draft or check, payable on demand, is bound to use reasonable diligence in forwarding the same according to the usual course of business, and notice of non-payment be given to the indorser in order to hold him.

3. SAME—DEFENSES—SET-OFF.

Under the statute of Minnesota defendant may set up any claim against the original party which arose out of the subject-matter of the action, or was acquired by defendant while the chose in action was in possession of the original party, or before defendant had notice that he had assigned it for a valuable consideration.

At Law.

Jury waived, and tried by the court.

*Lamprey, James & Warren,* for plaintiff.

*Charles C. Willson* and *Jones & Gove,* for defendants.

McCRARY, C. J.   This is a suit upon two drafts drawn by the defendant bank in favor of the defendant La Duc, for $500, each dated October 13, 1881.   They are in the usual form of bank drafts.   No time of payment is named, but they were payable upon presentation and demand.   On the day of their date they were indorsed by defendant La Duc and delivered to one M. Edison, who, the next day, left the state of Minnesota, carrying the drafts with him, and leaving numerous debts unpaid and no property out of which they could be collected.   The said Edison held the drafts over five months without presenting them for payment, and then sold them to the plaintiffs at Quincy, Illinois.   The bank pleads by way of defense a set-off or counter-claim against Edison.   The defendant La Duc claims that he is discharged as indorser by the long delay before the drafts were presented for payment.

The sufficiency of these defenses depends upon the question whether the paper can be regarded as overdue or dishonored at the time the plaintiffs took it.   The general rule undoubtedly is that a draft or check is not due, for the purpose of being made the foundation of a suit against the drawer or indorser, or for the purpose of

determining questions arising under the statute of limitations, or for other similar purposes, until it is presented. But I am of the opinion that in determining a question as to the sufficiency of a defense interposed by the drawer or indorser of such an instrument, when sued thereon, the paper must be considered as overdue if it has not been presented for payment within a reasonable time. Cases may arise in which courts may find some difficulty in deciding whether presentation has been made within a reasonable time, but the present case presents no such difficulty. A delay of over five months is plainly unreasonable. The holder of the draft is not obliged to proceed by the first conveyance to the place of payment to present it for payment, nor is he bound to send it by the first mail. He may retain it in his possession for a time, and if he is traveling may for convenience carry it with him in lieu of money, especially if he intends shortly to be at the place of payment to collect it; but he cannot hold it five months without either going or sending to the drawer for his money, especially where the place of payment can be reached by him in a few days. The law presumes, and the parties to such paper may act upon the presumption, that the draft is drawn in the usual course of such transactions as a convenient method of transmitting funds from one place to another, and that it will be presented to the drawer in due time, and will not be held indefinitely by the payee without presentment. Such is the rule by which we are to be governed in determining whether the paper is, in the hands of an indorsee, subject to defenses which were good as against the payee and indorser. In other words, the holder of such paper is bound to use reasonable diligence in forwarding the same according to the ordinary course of business. Edw. Bills & Notes, 386 *et seq.*; *Walsh* v. *Dart*, 23 Wis. 334, and cases cited.

A draft payable on demand (and such in legal contemplation are the instruments here sued on) must be presented and payment demanded within a reasonable time, and notice of non-payment given to the indorser, in order to hold him. And "the circumstances and considerations which determine the question whether or not a bill or note payable on demand has become overdue, so as to let in equitable defenses by the original parties against the transferee, alike determine the question whether or not the presentment has been made in a reasonable time, so as to charge the drawer or indorser." 1 Daniel, Neg. Inst. 611.

Being clearly of the opinion that the drafts sued on in this case were not presented for payment within a reasonable time, I must

hold that defendant La Due, the indorser, is discharged, and that the defendant bank is entitled to offset any valid claim held by it against Edison while the drafts belonged to him. This for the reason that the statute of Minnesota so provides. The following are the statutory provisions upon the subject:

Chapter 65, § 40. "If the action is upon a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff after it becomes due, a set-off to the amount of the plaintiff's demand may be made of a demand existing against any person who has assigned or transferred such note or bill after it became due, if the demand is such as might have been set-off against the assignor while the note or bill belonged to him."

Chapter 66, § 27. "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section does not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

Under these provisions the supreme court of Minnesota has held that the rule of set-off is so enlarged as to "enable the defendant to set up any claim against the original party which arose out of the subject-matter of the action, or was acquired by the defendant while the chose in action was in the possession of the original party, or before the defendant had noticed that he had assigned it for a valuable consideration." *Martin* v. *Pillsbury,* 23 Minn. 175. It is our duty to enforce the statute as construed by the supreme court of the state. *Partridge* v. *Ins. Co.,* 15 Wall. 573–580.

The set-off of the bank consists of five promissory notes executed by Edison. As to four of them the evidence is satisfactory that the bank owned them prior to the purchase of the drafts by plaintiffs, and these are clearly entitled to set-off against the plaintiffs.

As to the last note, to-wit, note dated September 7, 1874, for $550, due one month after date, I am unable to recall any evidence that it was purchased by the bank prior to the transfer of the drafts to the plaintiffs. As it was purchased after maturity there is no presumption as to the time of the purchase, and the burden is upon defendant to show the actual date, and that it was at a time when Edison still held the drafts. As the trial before me was a hurried one, and my minutes of the testimony are not full, it may be that this proof was made and that I did not observe it, or have forgotten it.

If defendant desires to do so, he may offer further proof upon the point, to which plaintiff may reply; but if no further evidence is offered, the offset as to the other notes will be allowed, and as to this one, rejected, and judgment rendered accordingly.