## John H. Simons v. Sidney S. Morris.

*Negotiable paper past due—Original equities—Depositions.*

1. The purchaser of past due paper is bound by any equities which bind the original holder; and as between such purchaser and an indorser the latter can show the consideration and circumstances of the indorsement: as, *e. g.* that the indorser indorsed only for accommodation, and therefore was nothing more than a surety.

2. A deposition is not made worthless by being certified by a deputy clerk, since the statute requires no signature but only the official seal, and this can be affixed by deputy. How. Stat. § 7475.

3. A deposition may be opened by the clerk or the judge of the court in which it is to be used ; and formal leave to open it is not required. How. Stat. § 7469.

Error to Muskegon. (Russell, J.) Feb. 7.—March 6.

Assumpsit. Plaintiff brings error. Affirmed.

*Cook, De Long & Fellows* for appellant. One who indorses the note in which he is named as payee before its delivery to a third person, becomes responsible only as indorser. *Smith v. Long* 40 Mich. 555 ; *Herbage v. McEntee* id. 337 ; and proof of a contemporaneous parol agreement to defer payment is inadmissible in an action on the note : Dan. Neg. Inst. §§ 80, 81 ; *Wood v. Surrells* 89 Ill. 107 ; *Wright v. Remington* 41 N. J. L. 48 ; Story on Prom. Notes 148 ; 2 Par. on N. & B. 520 ; *Brown v. Spofford* 95 U. S. 479 ; *Brown v. Wiley* 20 How. 442 ; *Savercool v. Farwell* 17 Mich. 318 ; *Cline v. Hubbard* 31 Mich. 237 ; *Ortmann v. Canadian Bank of Commerce* 39 Mich. 518 ; an unwritten agreement made at the very time of the indorsement is inadmissible for the purpose of changing its legal import, and converting it into an undertaking subject to conditions resting on extrinsic matters : *Hyde v. Tenwinkel* 26 Mich. 93 ; *Martin v. Hamlin* 18 Mich. 354 ; *Fassin v. Hubbard* 55 N. Y. 465 ; *Charles v. Denis* 42 Wis. 56. ·

*Keating & Dickerman* for appellee. A blank indorsement is not a contract in writing. 2 Whart. Ev. § 1059, n. 3; *Perkins v. Catlin* 11 Conn. 226 ; *Smith v. Morrill* 54

Me. 49; *Downer v. Chesebrough* 36 Conn. 39; *Ross v. Espy* 66 Penn. St. 481; and parol evidence is admissible to show the indorser's real agreement; *Barker v. Prentiss* 6 Mass. 430; *Herrick v. Carman* 10 Johns. 224; *Lawrence v. Stonington Bank* 6 Conn. 521; *Boyd v. Cleveland* 4 Pick. 525; *Fullerton v. Rundlett* 27 Me. 31: *Taunton Bank v. Richardson* 5 Pick. 436; *Weston v. Chamberlin* 7 Cush. 404; *Clapp v. Rice* 13 Gray 403; *Phillips v. Preston* 5 How. 278; *Susquehanna Bridge Co. v. Evans* 4 Wash. 480; *Perkins v. Catlin* 11 Conn. 226; a deputy has power to do any act which his principal can do: Bouv. Law Dict. 462; Abbott's Law Dict. 3681; *Dorr v. Clark* 7 Mich. 313; depositions may be admitted even though opened by counsel: Weeks on Depositions, §§ 422, 449; *Spear v. Richardson* 37 N. H. 23; *Burrall v. Andrews* 16 Pick. 551; *Goff v. Goff* 1 Pick. 475; *Law v. Law* 4 Greenl. 167.

CAMPBELL, J.  Simons sued Morris as endorser of a note made by a firm named Townsend & Colony, October 19, 1876, to order of Morris, and endorsed in blank. The note was transferred to plaintiff in 1883, about five years after it became due, by L. A. Waldron, who had held it from the date of the note.

The defense relied on was that defendant was an accommodation endorser, signing at Waldron's request, and that Waldron had so dealt with one of the makers, Colony, as to discharge defendant. It was also claimed that there had been an offer to pay, which Waldron refused on the ground that he did not look to defendant, and had obtained satisfaction from Colony. The jury found for defendant, and no error is alleged on the charge. The only errors assigned are concerning the admission of testimony.

The three errors first assigned relate to the allowance of certain questions, as to what occurred previous to and in connection with the endorsement, between Waldron and defendant.

As plaintiff took the paper when long past due, he is bound by any equities which bound Waldron. There can be no question whatever that as between Waldron and defendant, the latter was entitled to show fully the consideration and circumstances of the endorsement, and this is all that these

questions brought out.   How far such circumstances would operate on the defense was another question, which could only be raised upon some ruling.   The effect of the testimony was to show a condition of things which would create a known relation of mere suretyship, and which would therefore entitle defendant to be dealt with on that footing.   The court did not charge and was not asked to charge, that the obligation of endorsement could be altered by parol evidence, and the defense rested entirely, under the charge, upon dealings between Waldron and one of the makers of the note, whereby it was claimed to have been satisfied, and upon assurances to defendant that it was satisfied.   No objection was made to these charges.   The questions themselves were entirely unobjectionable, and no error is alleged upon the retention of the answers.

The only other assignment of error relates to the reception of a deposition taken in New York, under the statute.   The only objections to this which seem to be supported by the record, are that it was certified by a deputy instead of by the clerk of the court, and that it was opened by the clerk of the circuit court for the county of Muskegon without leave of the court.   The other objections are not sustained by the documents.

It is enough to say that our statute only requires the "official seal" of the clerk to be affixed, and says nothing about his signature.   Comp. L. § 5906; Act 210 of 1879 [How. Stat. § 7475].   The seal affixed by the deputy is a compliance with this statute.   Section 5900, as amended in 1881 (Act 37 of 1881), provides that the deposition may be opened by the clerk or by a judge of the court in which it is to be used.   [How. Stat. § 7469].   The act of either is sufficient, and no leave is required.

There is no error in the record, and the judgment must be affirmed.

The other Justices concurred.