THISLER & SCHNEIDER v. JOHN KEITH.

No. 139.

WARRANTY—*Liability upon, to Third Person.* T. & S. sold to C. a stallion, warranting him to be sound and a sure foal getter, receiving therefor certain promissory notes secured by a mortgage on the stallion sold. C. sold the stallion to K. upon a similar warranty, taking as part pay therefor certain promissory notes of K. payable at the same dates as those given by him to T. & S., and in sums exceeding those given by him. K.'s notes were deposited with T. & S. as collateral security for C.'s notes to them, and the mortgage on the stallion released, T. & S. taking the notes with full knowledge of the warranty under which they were made. *Held*, That T. & S. are not liable to K. for damages sustained by him under the contract of warranty with C.

Error from Graham district court; CHARLES W. SMITH, Judge. Opinion filed March 2, 1898. Reversed.

*Geo. W. Jones*, for plaintiff in error.

*H. J. Harwi*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On May 7, 1895, the plaintiffs in error as plaintiff's below commenced an action in the court below to recover from the defendant in error as maker and S. N. Coder as payee and indorser $225 principal, together with interest and costs, upon a promissory note as therein set up. There does not appear

to have been any service upon Coder, or any appearance by him.

After two verdicts by different juries had been recovered by the defendant and set aside by the court a third trial was had upon a second amended answer of the defendant, setting up (1) a general denial; (2) the purchase of the horse upon a warranty, and the failure of the warranty; and, (3) the taking of the notes by the plaintiff as collateral security for an antecedent debt, with full knowledge of the condition under which they were taken, and asking judgment for $675 and interest. The third jury returned a verdict for the defendant for $381.40. This verdict was sustained by the court.

The evidence on behalf of the defendant in the court below tended to establish about the following facts: In February, 1893, Thisler & Schneider sold S. N. Coder a stallion, and received in payment therefor three notes for $200 each, payable on August 1, 1894, August 1, 1895, and August 1, 1896, respectively, secured by a chattel mortgage on the stallion sold. On April 4, 1893, S. N. Coder sold the stallion to John Keith for $1175, for which he received another stallion valued at $400, a mare valued at $100, and three promissory notes for $225 each, payable on August 1, 1894, August 1, 1895, and August 1, 1896, respectively. These notes were turned over to Thisler & Schneider, as collateral for the three notes given by Coder to them, and the mortgage on the horse released. When Coder bought the horse Thisler & Schneider warranted it to be sound and a sure foal getter; and he sold it upon the same warranty to Keith, and informed Thisler & Schneider when he turned Keith's notes over to them of such warranty, and that if the stallion was not as warranted the notes were to be returned and canceled.

The horse proved to be nearly barren and worthless as a breeder. There was nothing in the pleadings or the evidence that authorized a judgment against the plaintiffs for anything but costs.

The judgment of the district court will be reversed, and a new trial ordered.