# McADAM v. GRAND FORKS MERCANTILE COMPANY, a Corporation.

(47 L.R.A.(N.S.) 246, 140 N. W. 725.)

**Complaint — indorser — promissory notes — vendor — warrantor — chattels.**

1. Complaint examined and held not to state a cause of action against the defendant as an indorser of a note, but as a vendor and warrantor of a chattel merely.

**Negotiable instrument — in due course.**

2. A executed a note to B. B indorsed the same without recourse to C, a bank, to gain credit thereon. He afterwards paid C the amount due on said note, and, on it being redelivered to him, scratched out the words, "Pay to C without recourse," but left his signature thereon. Prior to such time A, the maker of the note, had failed, and a settlement had been made with his creditors by which they had agreed that A's property should be turned over to a trustee for their benefit and that he should be released. B was one of such creditors, and accepted a final dividend of 42 cents on the dollar. He, however, retained the note. Later B sold the note with others, having a face value of $20,000, to D for $51, taking at the same time a collateral agreement by which he expressly exempted himself from all liability, both as an indorser and as a guarantor of the solvency of the paper. The note, however, still had his name indorsed thereon, though it is not shown whether either he or D was aware of the fact. D then sold the note, with others, having a, face value of $5,000, to E; and E sold the said note, with others of a face value of $1,600, to F, for $50, both of the latter transfers being by delivery only. At the time of the last transfer E told F that the notes were not

worth anything; and F did not know that B's name was on the back of the particular note in question; nor, on the other hand, did he know that any dividend had been paid thereon, though he did know that the maker's assets had been turned over to a trustee for the benefit of his creditors. He also testified that the letters P and L were on said note when purchased by him, and that he was aware of their commercial meaning. It was also proved that both D and F realized, from their purchases as a whole, more than they had paid therefor. *Held*, that F was not a purchaser in due course of negotiable paper.

**Notes — demand — reasonable time.**

3. A note payable on demand is due within a reasonable time after its date.

**Demand note — date — time when overdue.**

4. A note which is payable on demand, and is purchased over a year after its date, will be considered to have been overdue when so purchased.

**Negotiable instrument — indorsement — dishonor — maturity — consideration.**

5. In the case of an indorsement or transfer of a negotiable instrument after its dishonor or maturity, and where the consideration passing between the indorsee and his indorser is not equal to the amount of the paper, the indorsee in an action against the indorser can recover only the consideration he has actually paid.

**Warranty — indorser — vendee.**

6. The warranty of the seller, under § 5428, Rev. Codes, 1905, which provides that "one who sells or agrees to sell an instrument purporting to bind anyone to the performance of an act thereby warrants the instrument to be what it purports to be, and to be binding according to its purport upon all parties thereto, and also warrants that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto, when that is material, the extinction of its obligations or its invalidity for any cause" is not a warranty of an indorser, but a warranty to the vendee merely, which does not run with the paper.

Opinion filed March 15, 1913.

Appeal from a judgment of the District Court for Grand Forks County; *Templeton, J.*

Affirmed.

On June 14, 1904, W. Crawford & Son executed and delivered to the defendant, Grand Forks Mercantile Company, their promissory

note for $600, payable on demand, said note being given in part payment of an open account for goods sold and delivered. On June 21, 1904, the note was indorsed by the defendant, "Demand, notice of nonpayment, and protest waived. (Signed) Grand Forks Mercantile Company, by W. A. Curry," and delivered to the First National Bank of Grand Forks, which bank thereupon gave to the defendant credit upon its books for the amount of said note. Afterwards, and on the 5th day of February, 1904, by a written agreement made with a large number of their creditors, including the defendant Mercantile Company, the said W. Crawford & Son conveyed to one E. A. Young all of their partnership assets in trust for the benefit of such creditors, with power of sale in such trustee, said trust agreement containing the provision that "if there shall not be sufficient assets to pay the just debts of the respective creditors, then the parties of the first part, William Crawford and William H. Crawford, shall be forever dismissed, discharged, and freed from further liability on their respective accounts." In said agreement each of said creditors also expressly agreed to "forego all suits, actions, or proceedings of any kind whatever for the collection or enforcing of our several demands, and to accept payment thereof as in the annexed trust deed provided." On October 14, 1904, the defendant mercantile company paid to the First National Bank the principal and interest of said note, and the same was then and there redelivered to it. Thereafter, and on November 1, 1904, the trustee paid to such mercantile company 42 per cent of its claim, such claim having been theretofore duly filed with the trustee. No other and further payment thereon was ever made by such partnership or trustee. Thereafter, and on the 2d day of March, 1905, the said mercantile company sold the note in question, together with others amounting in all to a face value of $20,000, to one S. S. Titus for $51. Before such transfer, however, it had erased from said note the words "demand, notice of nonpayment, and protest waived;" but, on the other hand, such agreement of sale was in writing, dated contemporaneously with the delivery of the note, and contained the provision that "the consideration of the above bills receivable and the securities thereto attached is to be the sum of $51, which is paid with the understanding *that the seller does not guarantee the solvency of any note or security in the said list, and is not to be held as an indorser* on any of the said notes or securities." There-

after, and on March 6, 1905, the said S. S. Titus sold the said note with others whose face value in all aggregated $5,000, to one John Vallely, for the sum of $50, all of said notes being at such time upon their faces apparently overdue. After the purchase of said note, and on the same date, the said Vallely met the plaintiff, A. E. McAdam, tossed several of the notes so purchased, and aggregating a face value of between sixteen and seventeen hundred dollars, and including the note in suit, on a desk in front of the plaintiff, and asked the plaintiff what the bunch of notes so tossed down in front of him was worth. The plaintiff answered that they were not "worth a damn." The said Vallely then said: "You surely can get something out of them." Plaintiff then said: "Are they your notes?" Vallely replied, "They are, what will you give me for them?" Plaintiff answered: "Fifty dollars." The offer was then and there accepted, and the said plaintiff, McAdam, thereupon paid the said Vallely the sum of $50, and all of said notes were delivered to the plaintiff. At the time of the purchase of said notes, the plaintiff did not know that the note described in the plaintiff's complaint and herein sued upon bore the indorsement of the defendant. Before such purchase, however, he knew that the assets of said Crawford & Son, the makers of said note, had been turned over to the trustee for the benefit of their creditors; that the plaintiff purchased the said notes, including the note in suit, for the purpose of speculating on the chance of their collection from the makers thereof. All of the notes so purchased appeared upon their faces to be overdue, although the plaintiff had no knowledge of the payment of any amount of the note sued upon, but believed that, in the settlement of the trusteeship, a substantial dividend would be realized. Plaintiff realized, out of the other notes purchased by him from said Vallely, more than the sum paid for all of said notes; and at the time of the purchase of said note he saw, upon the face and margin thereof, the letters and characters "P. & L.," and knew that said letters and characters meant, in mercantile usage, "profit and loss." Immediately on the purchase of said notes plaintiff instituted inquiries which revealed the facts set forth in the trustee agreement aforesaid; and on March 31, 1905, one of the makers, W. H. Crawford, wrote to him, informing him of such trust deed, and that he and his partner had turned over all of their property under such deed, and that said trust agreement had been signed by the Mercantile Company. On March 8,

1905, the trustee also wrote him, evidently in response to a letter, that a dividend of 42 per cent had been paid to the mercantile company, and that this closed the transaction in so far as the trustee was concerned. After the receipt of this last letter, plaintiff demanded payment of said note from the makers, W. H. Crawford & Son, and payment thereof was refused. Immediately thereafter, payment was demanded from and refused by the defendant. There is no evidence, however, showing or tending to show that the said note was ever presented for payment, or that notice of the dishonor of said note by the makers was ever given to the defendant. The complaint, after omitting the formal parts, was as follows: "That on the 16th day of January, 1904, said W. Crawford & Son, by W. H. Crawford, made, executed, and delivered their certain promissory note in writing, wherein and whereby, for value received, they promised and agreed to pay to the Grand Forks Mercantile Company, on demand, at the office of said company, at Grand Forks, North Dakota, the sum of $600, with interest thereon from date at the rate of 10 per cent per annum until paid. That thereafter the said defendants sold and delivered for a valuable consideration the above described promissory note to the plaintiff herein; that by such sale and delivery the said defendant warranted and agreed with this plaintiff that the aforesaid note was genuine and forceful and binding upon all parties thereto, and that he had no knowledge of any fact which would tend to prove it, the said note, worthless; that prior to the sale and delivery of said note as aforesaid, the same had been satisfied, all of which was unknown to the plaintiff at the time of the purchase of the said note as aforesaid; that the said note was by the plaintiff duly presented for payment, and payment then and there demanded; that the same was not paid, for the reason that the same had been satisfied as hereinbefore stated; of all of which due notice was given to the defendant." The trial court rendered a judgment dismissing the plaintiff's cause of action, and against the plaintiff for costs and disbursements. An appeal is taken from this judgment.

*Bangs, Cooley, & Hamilton,* for respondent.

The statute makes no distinction between an indorser before maturity and one after maturity. His rights and liabilities are the same in both cases. A. B. Farguhar Co. v. Higham, 16 N. D. 106, 112 N. W.

557; Dan. Neg. Inst. 666; Rev. Codes 1905, Sec. 6368; Rev. Codes 1905, Sec. 6544; Leavitt v. Putnam, 3 N. Y. 494, 53 Am. Dec. 322; Beebe v. Brooks, 12 Cal. 309; Beer v. Clifton, 98 Cal. 323, 20 L.R.A. 580, 35 Am. St. Rep. 172, 33 Pac. 204; Graul v. Strutzel, 53 Iowa, 712, 36 Am. Rep. 250, 6 N. W. 119; German-American Bank v. Atwater, 165 N. Y. 36, 58 N. E. 763; Colt v. Barnard, 18 Pick. 260, 29 Am. Dec. 584; Patterson v. Todd, 18 Pa. 426, 57 Am. Dec. 622; Bassenhorst v. Wilby, 45 Ohio St. 333, 13 N. E. 75.

The defendant was entitled to notice of dishonor, demand for payment, etc. Merchants' Nat. Bank v. Bentel, 15 Cal. App. 170, 113 Pac. 708; Picklar v. Harlan, 75 Mo. 678.

The death of the maker does not excuse the making of demand. (Sec. 76); Leavitt v. Putnam, 3 N. Y. 494, 53 Am. Dec. 322; Beer v. Clifton, 98 Cal. 323, 20 L.R.A. 580, 35 Am. St. Rep. 172, 33 Pac. 204; Beebe v. Brooks, 12 Cal. 309; Scott v. First Nat. Bank, 71 Ind. 445; Code 1899, Neg. Inst. Law, Sec. 7; Lank v. Morrison, 44 Kan. 594, 24 Pac. 1106.

The plaintiff has not declared as upon a reissue note, but has sued defendant as an indorser. Koons v. McWhinney, 30 Ind. 74.

The defendant is a remote vendee only. There is no privity of contract between the last vendee and a remote vendor. Bordwell v. Collie, 45 N. Y. 494; Nelson v. Armour Packing Co. 76 Ark. 352, 90 S. W. 288, 6 Ann. Cas. 237; Smith v. Williams, 117 Ga. 782, 97 Am. St. Rep. 220, 45 S. E. 394; Thisler v. Keith, 7 Kan. App. 363, 52 Pac. 619; Asher Lumber Co. v. Cornett, 22 Ky. L. Rep. 569, 56 L.R.A. 672, 58 S. W. 438; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918; Pemberton v. Dean, 88 Minn. 60, 60 L.R.A. 311, 97 Am. St. Rep. 503, 92 N. W. 478; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec. 382.

The note was past due when it was purchased by the plaintiff. Morey v. Wakefield, 41 Vt. 24, 98 Am. Dec. 562; Vinton v. King, 4 Allen, 562; Paine v. Central Vermont R. Co. 14 Fed. 269; Bull v. First Nat. Bank, 14 Fed. 612; Camp v. Scott, 14 Vt. 387; Losee v. Dunkin, 7 Johns. 70, 5 Am. Dec. 245; Herrick v. Woolverton, 41 N. Y. 581, 1 Am. Rep. 461; LaDue v. First Nat. Bank, 31 Minn. 33, 16 N. W. 426; Thompson v. Hale, 6 Pick. 259; Carlton v. Bailey, 27 N. H. 230; American Bank v. Jenness, 2 Met. 288.

Plaintiff is not a purchaser in good faith—nor a holder in due course.

Knowlton v. Schultz, 6 N. D. 417, 71 N. W. 550; McNamara v. Jose, 28 Wash. 461, 68 Pac. 903; Proctor v. Cole, 104 Ind. 373, 3 N. E. 106, 4 N. E. 303; Williams v. Huntington, 68· Md. 590, 6 Am. St. Rep. 477, 13 Atl. 336; Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796; Smith v. Jansen, 12 Neb. 125, 41 Am. Rep. 761, 10 N. W. 537; Oppenheimer v. Farmers' & M. Bank, 97 Tenn. 19, 33 L.R.A. 767, 56 Am. St. Rep. 778, 36 S. W. 705; Dunn v. National Bank, 15 S. D. 454, 90 N. W. 1045.

Plaintiff could, in any event, recover no more than the amount he paid. Oppenheimer v. Farmers' & M. Bank, 97 Tenn. 19, 33 L.R.A. 767, 56 Am. St. Rep. 778, 36 S. W. 705; Coye v. Palmer, 16 Cal. 158; Dunn v. National Bank, 15 S. D. 454, 90 N. W. 1045; Harrington v. Butte & B. Min. Co. 19 Mont. 411, 48 Pac. 758; Dresser v. Missouri & O. R. & Constr. Co. 93 U. S. 92, 23 L. ed. 815.

*Geo. A. Bangs* and *Geo. R. Robbins,* for appellant.

The obligation of an indorser of a promissory note after maturity, is no different than an indorsement before maturity, except as to the time the instrument becomes due. 7 Cyc. 826; 1 Dan. Neg. Inst. § 724a; Patterson v. Todd, 18 Pa. 426, 57 Am. Dec. 622; Bassenhorst v. Wilby, 45 Ohio St. 333, 13 N. E. 75; Scott v. First Nat. Bank, 71 Ind. 445; Leavitt v. Putnam, 3 N. Y. 494, 53 Am. Dec. 322; French v. Jarvis, 29 Cann. 347.

The difference between an indorsement before note is due, and one while it is running to maturity, relates only to the time of payment. Leavitt v. Putnam, 3 N. Y. 494, 53 Am. Dec. 322.

The subsequent indorsement of a note overdue is equivalent to drawing a new bill payable at sight, or within a reasonable time. 1 Dan. Neg. Inst. § 669; 7 Cyc. 822, 973, 1071; 2 Randolph, Com. Paper, § 671; Patterson v. Todd, 18 Pa. 426, 57 Am. Dec. 622; Bassenhorst v. Wilby, 45 Ohio St. 333, 13 N. E. 75; Coleman v. Dunlap, 18 S. C. 595; Swartz v. Redfield, 13 Kan. 550; Lank v. Morrison, 44 Kan. 594, 24 Pac. 1106; Broun v. Hull, 33 Gratt. 29; Brown v. Davies, 3 T. R. 80; Light v. Kingsbury, 50 Mo. 331; Maddox v. Duncan, 143 Mo. 613, 41 L.R.A. 581, 65 Am. St. Rep. 678, 45 S. W. 688.

Where a party indorses a bill or note after maturity, he is in effect a drawer of a new bill. 7 Cyc. 1071; Maddox v. Duncan, 143 Mo. 613, 41 L.R.A. 581, 65 Am. St. Rep. 678, 45 S. W. 688; Dan. Neg. Inst.

§ 669; 2 Dan. Neg. Inst. § 1242; 2 Randolph, Com. Paper, § 683, p. 1090; Callow v. Lawrence, 3 Maule & S. 95, 15 Revised Rep. 423; Mabry v. Matheny, 10 Smedes & M. 323, 48 Am. Dec. 753; Guild v. Eager, 17 Mass. 615; Havens v. Huntington, 1 Cow. 387.

Defendant cannot escape liability upon its uncanceled indorsement. 7 Cyc. 826; 2 Dan. Neg. Inst. §§ 1238, 1242; 3 Randolph, Com. Paper, § 1434; Coleman v. Dunlap, 18 S. C. 595; Mabry v. Matheny, 10 Smedes & M. 323, 48 Am. Dec. 753.

The indorsement of a note which is past due, where the indorser knows the note is paid, or that the maker is dead, or that the instrument has been dishonored, makes the indorser liable to all subsequent parties, as the maker of a new note. Picklar v. Harlan, 75 Mo. 678; Scott v. First Nat. Bank, 71 Ind. 445; St. John v. Roberts, 31 N. Y. 441, 88 Am. Dec. 287; Montgomery & E. R. Co. v. Trebles, 44 Ala. 255; Ward v. Allen, 2 Met. 53, 35 Am. Dec. 387; Brook v. Vannest, 58 N. J. L. 162, 33 Atl. 382; Guild v. Eager, 17 Mass. 615; Moore v. First Nat. Bank, 38 Colo. 336, 10 L.R.A.(N.S.) 260, 120 Am. St. Rep. 120, 88 Pac. 385, 12 Ann. Cas. 268.

In such case, no presentment or demand for payment, or notice of dishonor, is necessary. 2 Dan. Neg. Inst. § 1113; 7 Cyc. 962, 1072; Coleman v. Dunlap, 18 S. C. 591; Picklar v. Harlan, 75 Mo. 678; Williams v. Mathews, 3 Cow. 252; St. John v. Roberts, 31 N. Y. 441, 88 Am. Dec. 287; Montgomery & E. R. Co. v. Trebles, 44 Ala. 255; Copp v. M'Dugall, 9 Mass. 1; Furgerson v. Staples, 82 Me. 159, 17 Am. St. Rep. 470, 19 Atl. 158; Davis v. Francisco, 11 Mo. 572, 49 Am. Dec. 98; Burrill v. Smith, 7 Pick. 291.

An indorser cannot show, as against a subsequent holder without notice, that he is not liable under his indorsement. 8 Cyc. 262–268; Thompson v. McKee, 5 Dak. 172, 37 N. W. 567.

All implied warranties attach to due sale of a note, regardless of the manner of transfer. 7 Cyc. 830, et seq.; 1 Dan. Neg. Inst. §§ 670, 730, 736; 2 Randolph, Com. Paper, §§ 720, 757; Note in 10 L.R.A.(N.S.) 542; Ogden, Neg. Inst. pp. 92, 93, 108; Joyce, Defences to Com. Paper, § 348; Sutherland, Damages, p. 1546; Ticonic Bank v. Smiley, 27 Me. 225, 46 Am. Dec. 593; Challiss v. McCrum, 22 Kan. 157, 31 Am. Rep. 181; Mays v. Callison, 6 Leigh, 230; Carroll v. Nodine, 41 Or. 415, 93 Am. St. Rep. 743, 69 Pac. 51; Hannum v. Richardson,

48 Vt. 508, 21 Am. Rep. 152; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec. 382; Broaddus Institute v. Siers, 68 W. Va. 125, 69 S. E. 468, Ann. Cas. 1912 A 920; Palmer v. Courtney, 32 Neb. 781, 49 N. W. 754; Delaware Bank v. Jarvis, 20 N. Y. 227; Brown v. Montgomery, 20 N. Y. 287, 75 Am. Dec. 404; Drennan v. Bunn, 124 Ill. 175, 7 Am. St. Rep. 365, 16 N. E. 100; Daskam v. Ullman, 74 Wis. 474, 43 N. W. 321; Ware v. McCormack, 96 Ky. 139, 28 S. W. 157, 959; Myer v. Richards, 163 U. S. 385, 411, 41 L. ed. 199, 209, 16 Sup. Ct. Rep. 1148; Thrall v. Newell, 19 Vt. 203, 47 Am. Dec. 682; Seeley v. Reed, 28 Fed. 167; Earnest v. Barrett, 6 Ind. App. 371, 33 N. E. 635; Furgerson v. Staples, 82 Me. 159, 17 Am. St. Rep. 470, 19 Atl. 158; 2 Dan. Neg. Inst. § 1113; Burrill v. Smith, 7 Pick. 291; St. John v. Roberts, 31 N. Y. 441, 88 Am. Dec. 287.

BRUCE, J. (after stating the facts as above). An examination of the complaint will hardly show that the defendant is sought to be held to the liability of an indorser. He is certainly not sought to be held as a maker of a new note. As we construe the complaint, the liability as a vendor or warrantor is alone relied upon. Even if a proper foundation is laid for proof of the liability of an indorser, we are quite satisfied that there is no reason for reversing the judgment of the trial court. Even if we concede that presentment for payment was dispensed with, on which we do not express an opinion, we are perfectly satisfied that no right to a recovery was proved by the plaintiff. All that the plaintiff, himself, paid for the notes in question was $50, while all that the original purchaser, Titus, paid was $51. The evidence is conclusive and undisputed that Titus recovered, out of the notes that he purchased, to say nothing of the $50 received from Vallely, more than he paid for all of the notes; and it is also undisputed that the plaintiff recovered from the balance of the notes purchased by him from Vallely, more than he, himself, paid for all of the notes so purchased. The law seems to be well established that, in the case of an indorsement or transfer of a negotiable instrument after its dishonor or maturity, where the consideration passing between the indorsee and his indorser is not equal to the amount of the paper, the indorsee, in an action against the indorser, can recover only the consideration he has actually paid. The face of the note sued upon was $600. The amount paid for all of the notes

by Titus was $51, and by the plaintiff, $50. Under the authorities, plaintiff's right of recovery, therefore, would be limited in any event to $50. Even this right of recovery he has not proved, as it is conclusively shown that he bought the notes in bulk, that is to say, notes of the face value of from sixteen hundred to seventeen hundred dollars, including the note in question, and that he has already realized on such bulk purchase more than the $50 that was paid. See Coye v. Palmer, 16 Cal. 159; Cook v. Cockrill, 1 Stew. (Ala.) 475, 18 Am. Dec. 67; Brown v. Mott, 7 Johns. 361; Braman v. Hess, 13 Johns. 52; Munn v. Commission Co. 15 Johns. 44, 8 Am. Dec. 219; Youse v. M'Creary, 2 Blackf. 243; Arents v. Com. 18 Gratt. 750; Davis v. Miller, 14 Gratt. 1.

There is no question that the note under consideration was past due, both when purchased by Vallely and when purchased by the plaintiff. It was a demand note, dated January 16, 1904. It was purchased by the plaintiff on March 6, 1905. It is well established that a note payable on demand is due within a reasonable time after its date, and there are practically no authorities which hold that such reasonable time can be extended beyond a year. Rev. Stat. 1905, Sec. 6355; Morey v. Wakefield, 41 Vt. 24, 98 Am. Dec. 562; Camp v. Scott, 14 Vt. 387; Vinton v. King, 4 Allen, 562; Thompson v. Hale, 6 Pick. 259; Paine v. Central Vermont R. Co. 14 Fed. 269; Bull v. First Nat. Bank, 14 Fed. 612; Losee v. Dunkin, 7 Johns. 70, 5 Am. Dec. 245; Herrick v. Wolverton, 41 N. Y. 581, 1 Am. Rep. 461; LaDue v. First Nat. Bank, 31 Minn. 33, 16 N. W. 426; Carlton v. Bailey, 27 N. H. 230; American Bank v. Jenness, 2 Met. 288. There can therefore be no liability as an indorser under §§ 6366 and 6367 of the Civil Code of 1905.

Nor can any liability be founded upon the theory that there was a new indorsement and a new issue of the notes. In the first place, there is no foundation laid for any such claim or liability in the pleadings. In the second place, there is no proof whatever that there was any such new indorsement or reissue. The note in question was not physically indorsed after maturity. It was at the most only sold to the original purchaser, Titus, in the condition it was in when it was among the profit and loss papers of the defendant. The total inadequacy of the consideration, and the collateral agreement, absolutely negative any presumption of a reissue or reindorsement. Such being the case, it

was not a note which had been indorsed after maturity and then sold, but one which had been indorsed before maturity and sold as a chattel in such condition. It is quite clear from the authorities that in such a case the plaintiff would have no further or greater rights than would the original purchaser, Titus. Huddleston v. Kempner, 3 Tex. Civ. App. 252, 22 S. W. 871; McPherson v. Weston, 85 Cal. 90, 24 Pac. 733; Kernohan v. Durham, 48 Ohio St. 1, 12 L.R.A. 41, 26 N. E. 982; Simons v. Morris, 53 Mich. 155, 18 N. W. 625; Mayfield Grocer Co. v. Price, 43 Tex. Civ. App. 391, 95 S. W. 31; Brown v. Smedley, 136 Mich. 65, 98 N. W. 856; Chase v. Whitmore, 68 Cal. 545, 9 Pac. 942. It is also clear that this is a case where the clause of § 6367, Rev. Codes 1905, that "when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee," would apply. There is no liability, in short, under § 6367, for the simple reason that the transfer to Titus, in spite of the alleged indorsement, was a transfer by delivery only, that is to say, a sale of a chattel, rather than an indorsement.

Nor can there be any liability under § 5428, which provides that "one who sells or agrees to sell an instrument purporting to bind anyone to the performance of an act, thereby warrants . . . that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto, when that is material, the extinction of its obligations, or its invalidity for any cause." This section of the statute is not a section which relates or pertains to indorsers of, or, necessarily, to commercial paper at all. It is a section which relates to vendors of chattels and to the liability of such. Its warranty, therefore, is not the warranty of an indorser, but the warranty of a vendor, and is a warranty that is personal to the vendee.

Even as far as the vendee is concerned, the inadequacy of the consideration and the collateral agreement positively negative any liability on the part of the vendor. Even if there was any liability, as we have before stated, it was personal to the vendee, Titus. The suit before us is not a suit between Titus and the mercantile company, but between the assignee or indorsee of an assignee or indorsee of the said Titus and the company. Such being the case, and since there is no allegation of any prior assignment by Titus of his cause of action, if any he had, there can be no liability to the plaintiff in this suit. Bord-

well v. Collie, 45 N. Y. 494; Nelson v. Armour Packing Co. 76 Ark. 353, 90 S. W. 288, 6 Ann. Cas. 237; Smith v. Williams, 117 Ga. 782, 97 Am. St. Rep. 220, 45 S. E. 394; Thistler v. Keith, 7 Kan. App. 363, 52 Pac. 619; Ashler Lumber Co. v. Cornett, 22 Ky. L. Rep. 569, 56 L.R.A. 672, 58 S. W. 438; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918; Pemberton v. Dean, 88 Minn. 60, 60 L.R.A. 311, 97 Am. St. Rep. 503, 92 N. W. 478; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec. 382.

The judgment of the District Court is affirmed.