EVA EASLEY *v*. EAST TENNESSEE NATIONAL BANK.

(*Knoxville.*   September Term, 1917.)

1. **BILLS AND NOTES.**   Negotiable instrument.   Certificate of deposit.   Statute.

A bank's certificate of deposit, reading that A. had deposited in bank $4,950, payable to the order of himself on the return of the certificate properly indorsed, and specifying the interest payable, was a negotiable instrument; the certificate being payable on demand under Thompson's Shannon's Code, section 3516a6. (*Post, p.* 373.)

Acts cited and construed: Acts 1899, ch. 94, secs. 7, 53.

Case cited and approved: Ford v. Brown, 114 Tenn., 467.

Codes cited and construed: Secs. 3516a6, 3516a52, 3516a191 (T. S.).

2. **BILLS AND NOTES.**   Negotiation of certificate of deposit. "Holder in due course."

A demand certificate of deposit, stipulating no interest after twelve months, negotiated more than a year after its date, is negotiated an unreasonable length of time after its issuance, and the one who takes it is not a holder in due course under Thompson's Shannon's Code, section 3516a52. (*Post, pp.* 373-375.)

Cases cited and approved: Camp v. Scott, 14 Vt., 387; Losee v. Dunkin, 7 Johns., 70; Herrick v. Woolverton, 41 N. Y., 581; LaDue v. Kasson First Nat. Bank, 31 Minn., 33; Thompson v. Hale, 6 Pick. (Mass.), 259.

Case cited and distinguished: McAdam v Grand Forks Mercantile Co., 24 N. D., 645.

3. **LOST INSTRUMENTS.**   Actions.   Indemnity bond.   Statute.

Under Thompson's Shannon's Code, section 5698, providing that the person recovering on a lost instrument after two years from its maturity may enforce his recovery without giving an indem-

138 Tenn.—24

nity bond, where the owner of a lost certificate of deposit payable on demand made demand for payment more than two years before suit thereon, she was entitled to recover without executing to the bank an indemnity bond to secure it from loss if the certificate appeared in other hands. (*Post, p.* 376.)

Code cited and construed: Sec. 5698 (T.—S.).

4. **LOST INSTRUMENTS.** Action on. Costs against prevailing party.

In suit on a lost certificate of deposit, the litigation having been rendered necessary by the carelessness of complainant or her husband, deceased, and the bank having acted in good faith throughout, asking an indemnity bond only to be protected, costs were properly taxed to complainant, though she was permitted to recover without giving the bond. (*Post, p.* 376.)

## FROM KNOX

Appeal from the Chancery Court of Knox County.— WILL D. WRIGHT, Chancellor.

CATES & PRICE, for appellant.

CORMICK, FRANTZ, McCONNELL & SEYMOUR, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to set up a lost certificate of deposit issued by the defendant bank and to recover the amount of the same. From a decree in favor of the complainant below, defendant has appealed to this court.

On September 10, 1910, A. Easley, deceased, deposited in the East Tennessee National Bank $4,950, for which he took a certificate in words and figures as follows:

"Certificate of Deposit.
"East Tennessee National Bank of
"Knoxville, Tennessee.
"No. 13841.
"September 10, 1910.   $4950.

"A. Easley, Agt., has deposited in this Bank forty-nine hundred and fifty dollars, payable to the order of self, on the return of this certificate properly indorsed.

"Interest at 3 per cent. if left 3 months.

"No interest after 12 months.

"No interest for fractional parts of a month.

"Safe deposit boxes for rent.

"S. V. CARTER, Cashier."

Easley died August 25, 1913, and by will appointed his wife, the complainant, his executrix and devised and bequeathed to her all his estate.

While this deposit was made in the name of A. Easley, agent, the proof shows that the funds were his own, and this is not seriously controverted by the bank.

Prior to the death of Easley and something more than a year after the date of the deposit, this certificate was lost. Deceased was in the habit of collecting his interest semiannually and after collecting the installment of interest due September 10, 1911, the said certificate of deposit was mislaid and has not yet been found. It is obvious from the testimony of the com-

plaintant that the certificate of deposit was in the possession of her husband until after September 10, 1911, and that he had not transferred it to any one prior to that time. Some time subsequent to the death of her husband, the complainant made demand on the bank for the payment to her of the sum so deposited by the deceased. The bank declined to make this payment until the complainant executed to it an indemnity bond to cover any loss it might sustain by reason of said certificate of deposit having come into the hands of an innocent holder. Complainant was not able financially to make a bond in the amount required by the bank.

It is the contention of the bank that a certificate of deposit is a negotiable instrument; that it is not due until presented and demand made for its payment; and that, if the Easley certificate were now outstanding in the hands of an innocent holder, no demand having been made, the bank would be liable therefor.

On the other hand, the complainant insists that a certificate of deposit, like a demand note, is due from the date of its issuance, and that this certificate, even if now outstanding, is barred by the statute of limitations. Complainant further insists that said certificate of deposit was in the possession of her husband unindorsed for more than a year after it was issued, and that no person who later acquired it could be a holder in due course, since any negotiation occurred an unreasonable length of time after the issuance of the paper.

We do not find it necessary to pass on the question of the application of the statute of limitations.

We think a certificate of deposit such as the one in suit is a negotiable instrument. The authorities generally so hold. 3 R. C. L., p. 573; 7 C. J., p. 648.

This court has treated such instruments as negotiable, although without any discussion. *Ford* v. *Brown,* 114 Tenn., 467, 88 S. W., 1036, 1 L. R. A. (N. S.), 188.

This certificate of deposit is undoubtedly payable on domand. It is payable "on the return of this certificate properly indorsed;" that is to say, upon presentation.

"An instrument is payable on demand: (1) Where it is expressed to be payable on demand, or at sight, or on presentation." Acts 1899, chapter 94, sec. 7, Thompson's Shannon's Code, sec. 3616a-6.

The negotiable instrument statute further provides:

"Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course." Acts 1899, chapter 94, section 53; Thompson's Shannon's Code, section 3516a52.

"In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." Acts 1899, chapter 94, prefix; Thompson's Shannon's Code, section 516a191.

It will be observed that the certificate of deposit in suit provides on its face that it shall bear no interest after twelve months. The purpose of making time deposits, evidenced by certificates, ordinarily is to procure interest on the money deposited. Usually such cer-

tificates of deposit are renewed at the end of twelve months from the date of issuance, or at such other period as may be stipulated for the cessation of interest. Accordingly, we think that a demand certificate of deposit such as the one before us, stipulating "no interest after twelve months," negotiated more than a year after its date, is negotiated an unreasonable length of time after its issue, and one who takes it is not a holder in due course.

The supreme court of North Dakota reviewed the cases on the question of reasonable time and said:

"It is well established that a note payable on demand is due within a reasonable time after its date, and there are practically no authorities which hold that such a reasonable time can be extended beyond a year." *Mc-Adam* v. *Grand Forks Mercantile Co.,* 24 N. D., 645, 140 N. W., 725, 47 L. R. A. (N. S.), 246.

For purpose of indorsement, demand paper has been held to be overdue in two months, *Camp* v. *Scott,* 14 Vt., 387; ten weeks, *Losee* v. *Dunkin,* 7 Johns., 70, 5 Am. Dec., 245; three months, *Herrick* v. *Woolverton,* 41 N. Y., 581, 1 Am. Rep., 461; four months, *La Due* v. *Kasson First National Bank,* 31 Minn., 33, 16 N. W., 426; six months, *Thompson* v. *Hale,* 6 Pick. (Mass.), 259. And see other cases collected in note 93c, 8 C. J., 408.

Looking to the authorities, the nature of this instrument, the usage of business, and the facts of this particular case, we conclude that no one who may have come into possession of the instrument in suit can be a holder in due course. It certainly could not have been

negotiated until more than a year after the date of its issuance.

The complainant is entitled to recover from the bank the amount of the said certificate of deposit without the execution of an indemnity bond. Our statutes, as contained in Thompson's Shannon's Code, are as follows:

"5694. Lost Instruments, How Supplied.—Any lost instrument may be supplied by affidavit of any person acquainted with the facts, stating the contents thereof, as near as may be, and that such instrument has been unintentionally lost or mislaid, and is still the property of the person claiming under it, unpaid and unsatisfied.

"5697. Indemnity Bond may be Required.—The court of justice before whom the action is tried, may, in case recovery is had upon a lost instrument, require the party claiming under it to give bond with good security, in double the amount of the claim, payable to the opposite party, and conditioned to indemnify such party against any demand by action on such lost instrument; and execution shall be stayed until such bond is given.

"5698. Unless Two Years Have Elapsed Since Maturity of Instrument.—The person recovering on such lost instrument may, however, after the lapse of two years from the maturity of such instrument, enforce his recovery without giving the bond prescribed in the last section, in which case, the person from whom the recovery is had, may plead the judgment in bar of an action by the actual holder of such lost instrument."

Complainant made demand for the payment of the deposit evidenced by this certificate more than two years ago. If a demand was necessary to mature the certificate as between her and the bank, still she could not be required to present the certificate. It being lost and its whereabouts unknown, as a matter of course it was impossible for her to present it, and to hold that presentation of the lost instrument must be made would be to destroy the efficacy of the section of the Code last quoted as to such paper.

Section 5698, supra, provides that the "person from whom recovery is had may plead the judgment in bar of an action by the actual holder of such lost instrument." This fully protects the bank.

Under the circumstances of the case, we think the chancellor properly taxed the costs of this proceeding to the complainant. The defendant bank has acted in good faith throughout, and only desired to be protected. This litigation has been rendered necessary by the carelessness of the complainant or her husband, the deceased, and the bank should not be put to any expense on account thereof.

The decree of the chancellor is affirmed, with all costs taxed to the compainant.