FULTON BANK, Appellee, v. VIOLET MATHERS et al., Appellees, BENNETT AUTO SUPPLY COMPANY, Appellant.

APPEAL AND ERROR: Perfecting Appeal—Notice—Service—Non-
1  interested Parties. A party who has lost all interest in the subject-matter of the litigation need not be served with notice of appeal.

SALES: Rescission by Buyer—Buyer Transferring Title—Effect. A
2  vendee of personal property may rescind *after he has lost all title to the property*, provided he is able to cause, and does cause, the property to be delivered or tendered on his behalf to the vendor.

SALES: Rescission by Buyer—Nonavailability of Warranty To Buy-
3  er of a Buyer. A warranty to the vendee of property, and the right to rely thereon, with consequent right to rescind for breach of said warranty, do not pass to one who subsequently takes or purchases of said original vendee.

CONTRACTS: Construction—Parties—Privity. Ordinarily, there is
4  no privity of contract between the original seller and the buyers of the same property in subsequent sales. So held on the question whether a warranty and the right to rely thereon passed to a donee of the original vendee.

PRINCIPAL AND AGENT: Implied Agency—Husband and Wife.
5  The act of a husband in personally attempting to exercise a right which he did not possess gives rise to no presumption that what he did was *on behalf of his wife*, who did possess such right. So held where a husband attempted the rescission of a contract, when such right rested only in the wife.

*Appeal from Woodbury District Court.—*DAVID MOULD, Judge.

APRIL 1, 1918.

THE Fulton Bank sued Violet and T. C. Mathers on a promissory note, executed by them to the Bennett Auto Supply Company as the price of an automobile, and by said company transferred to said bank. The defendants answered, and, by way of petition of intervention, impleaded the Bennett Auto Supply Company, alleging that it had

warranted the automobile, that there was a breach of said warranty, and that defendants on this account had rescinded the contract of purchase; and they prayed recovery of the purchase price. Judgment was entered in favor of the bank for the amount payable on the note. Execution was issued, and was levied on the automobile, which was sold, and the proceeds were applied in satisfaction of the costs, and the remainder on the judgment. The balance owed on the judgment has been discharged by the Bennett Auto Supply Company, in compliance with its guaranty, and the claim has been taken over by it. Thereafter, the issues raised by the petition of intervention and answer thereto were tried, and resulted in a judgment in favor of Violet and T. C. Mathers and against the Bennett Auto Supply Company for an amount equal to the portion of the judgment unsatisfied by execution. The Bennett Auto Supply Company appeals.—*Reversed.*

*Henderson & Fribourg,* for appellant.

*W. G. Sears* and *C. B. Stiger,* for appellees.

PER CURIAM.—I. As the Fulton Bank recovered judgment, and it has been fully paid, it has no further interest in the litigation. For this reason, it was not essential to the disposition of the appeal of the Bennett Auto Supply Company from the judgment against it in favor of the Mathers that notice thereof should have been served on the bank, and the motion to dismiss is overruled. On the former appeal, we held that, as to whether there was a rescission, and whether this was within a reasonable time, were issues for the jury (161 Iowa 634); and, as these rulings are the law of the case, there is no occasion to review them, save as the evidence adduced at the last trial may require.

1. APPEAL AND ERROR: perfecting appeal: notice: service noninterested parties.

II. The defendant Violet Mathers purchased the car,

and executed a promissory note therefor, dated August 2, 1910, and payable January 1, 1911, for $1,800, representing that she expected to pay the same out of money coming to her from England. Both she and her husband, T. C. Mathers, testified that he signed merely as surety, and she testified as follows:

2. SALES: rescission by buyer: buyer transferring title: effect.

"I made him (T. C. Mathers) a present of the machine. Q. When did you make him a present of it? A. The moment it came. Q. Who was there when you made this gift? A. We were. I wanted him to have a good one. * * *"

Redirect examination: "Q. In regard to this present, had you talked with Ted about making him a present? A. Yes, sir,—that is, I wanted it at the end of July. Q. His birthday? A. Yes, sir, I wanted it for his birthday."

T. C. Mathers testified:

"I knew I was going to get it (automobile) for a birthday present, the day Mr. Waliston drove it down. I knew it before the day that Mr. Bennett and Waliston came down. That was the time my wife told me that she was going to give me the present of the automobile. Q. When did she present it to you? A. The second day of August. Q. You never complained to her afterwards about the kind of gift she made, did you? A. No, sir."

At the close of all the evidence, the Bennett Auto Supply Company, as a ground for its motion to direct a verdict for it, suggested that, at the time of the attempted rescission, Violet Mathers was not the owner of said automobile, and therefore could not rescind the contract of the sale to her of said automobile, and that T. C. Mathers could not rescind the contract, for that he was not a party thereto. This motion was overruled, and error is assigned on the ruling.

3. SALES: rescission by buyer: non-availability to buyer of a buyer.

The only inference to be drawn from evidence set out

is that title to the automobile passed from Violet Mathers to her husband on the day of the purchase. He then became the owner, but the warranty of the company did not pass with the title. In the sale of personal property, the warranty thereof is not negotiable, nor does it run with the article sold. *Smith v. Williams,* 117 Ga. 782 (45 S. E. 394); *Nelson v. Armour Packing Co.,* 76 Ark. 352 (90 S. W. 288); *Thisler & Schneider v. Keith,* 7 Kan. App. 363 (52 Pac. 619); *Sturgis v. Whisler,* 145 Mo. App. 148 (130 S. W. 111). As said in *Nelson v. Armour Packing Co.,* supra, and *Bank of Montreal v. Thayer,* 7 Fed. 622, it is addressed to some particular person, and ordinarily, there is no privity of contract between the seller and the buyer of the same property in subsequent sales. Each purchaser can resort, as a general rule, only to his immediate seller. Here, the sale and the warranty were to Mrs. Mathers. She immediately transferred title by gift to her husband, but this did not carry to him the warranty or the right to rely thereon. No privity arose between him and the seller by virtue of the contract of sale with his donor and the transfer of title to him. For this reason, he could not avail himself of the warranty, nor was he in a situation to complain of any breach thereof. As there was no warranty by the Bennett Auto Supply Company to him, it necessarily follows that there was no breach on which he might base a rescission. She only might rely on the warranty, which was made to her alone, and therefore she only might rescind because of a breach of contract. His sole connection with the purchase from the company was that of surety on the note, and this in no manner changed her relation as sole purchaser nor his as donee, without the advantage of the warranty. He took the car as it was turned over to him, and was not in a situation to question its quality. One may not look into the mouth of a gift horse. He, then, might not rescind, for

4. CONTRACTS: construction: parties: privity.

that the warranty was not to him, and it is contended that she could not do so, because of not being able to restore the automobile to the seller, and thereby put it *in statu quo.*

The mere circumstance, however, that she had parted with title did not, as a matter of law, defeat her right to rescission. Such transfer did not deprive her of right to rely on the warranty, or to elect to rescind on the breach thereof, even though this might not be enough to entitle her to maintain an action for the purchase price, and thereby be restored to the situation in which she was prior to the sale, as nearly as may be. To do this one thing more is essential, and that is that the seller be put *in statu quo;* for the buyer may not demand such remedy for himself without first at least tendering to the seller restoration of the property purchased. In other words, he may not insist upon restoration of the purchase price to himself without returning or tendering the return of the property purchased. All essential to complete the rescission, after the breach of the warranty and the election to rescind because thereof, with appropriate notice, is that the seller be put *in statu quo;* and it is quite immaterial how this is done, whether the return be by the buyer or someone who had acquired title under the buyer, provided this is in behalf of such buyer, and in such manner as to fully restore the property to the seller. The trouble here is that there is no evidence whatever that Mrs. Mathers ever tendered the automobile back, save by demanding a new machine instead; and all T. C. Mathers swore to was that the company refused to allow him to remove the automobile from its garage without first paying for the repairs, and that he said no more than that he would leave the machine, and demanded the return of the note, denominating it "my note." There is no room for an inference that he was acting for his co-defendant in what he then did. The mere fact that she was his wife did not

5. PRINCIPAL AND AGENT implied agency: husband and wife.

constitute him her agent, nor did he represent himself as such, and the circumstance that he demanded the surrender of the note he had signed as surety with her did not warrant the conclusion that he was acting for her in attempting to obtain it.

On the former appeal, we held that the evidence of rescission by defendants as joint purchasers was sufficient to carry such issue to the jury. The evidence quoted above was brought out on the last trial, and we are satisfied that, though it demonstrates that Mrs. Mathers only might rescind, it falls short of showing that she did anything essential to accomplish that purpose. For this reason, a verdict might well have been directed against defendants.

III.   The contention that defendants are estopped from rescinding by reason of T. C. Mathers' exercising dominion over the automobile after he knew it was not complying with the warranty, is disposed of by what we have said. Other suggestions of error not argued require no attention. —*Reversed.*

Preston, C. J., Ladd, Evans, and Gaynor, JJ., concur.