BURT ZAISER COMPANY, Appellee, v. BECKY FINNEGAN, E. C.
WEBER, PETER FINNEGAN, Appellees, and C. J. STATLER,
Appellant.

Conveyances: BONA FIDE PURCHASER: NOTICE.  Where a party acquired
1   property subject to a mortgage, with full knowledge of a mistake
in the mortgage which omitted a building that was intended to be
included therein, he could not hold the building free of the mortgage
because situated on government land rather than on the land
described in the mortgage.

Same: FAILURE OF CONSIDERATION: CANCELLATION OF CONVEYANCE.
2   Where a conveyance was made in consideration of services to be
performed, and the title taken in the name of a third person, upon
failure to perform the service the conveyance should be set aside;
and all that the grantee could claim was the amount he may have
expended on the strength of the transaction.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON,
Judge.

THURSDAY, OCTOBER 23, 1913.

THE opinion sufficiently states the case.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellant.

*E. C. Weber* and *J. R. Frailey,* for appellees.

WEAVER, C. J.—Becky Finnegan, formerly Becky Leber,
was the owner of certain property described as the west
twenty feet of lot 13 and the east twenty feet of lot 14, out-
lot 1139, Webster's subdivision, Ft. Madison, Iowa.  She
also owned and occupied as her home a house which was sup-
posed to be on the property above described; but, as is now

alleged, said house stood upon a strip of land adjacent to said lots, which strip is spoken of as "no man's land," title whereto never passed from the United States. Mrs. Finnegan, being indebted to one Bernadine Kalin, secured payment of said debt by making and delivering to said Kalin a mortgage upon her property, describing it as the west 20 feet of lot 13 and the east twenty feet of lot 14, outlot 1139, Webster's subdivision, Ft. Madison; both parties believing and understanding said description to include the house. Later she gave another mortgage thereon by the same description to the Burt Zaiser Company, and as before both parties in good faith believed the lien so created attached to the house as well as to the described lots. The first mortgage here mentioned has since become the property of the Burt Zaiser Company. While these mortgages were both of record, Peter Finnegan, the husband of Becky, was arrested and indicted upon the charge of bigamy, and one Crist, an alleged lawyer from St. Louis, became interested in the proposed defense of the husband. According to the testimony of Mrs. Finnegan, Crist came to her at Ft. Madison, and told her the first thing to do was to get Peter out on bail, and, if she would turn the property over to him, he would procure the necessary bond. To this she consented, and Crist prepared and she executed a deed to C. J. Statler, one of the defendants herein. No bond was ever given. No defense was made for Peter, and he finally pleaded guilty, and was sent to the penitentiary. Before Crist obtained the deed, he was informed of the existence of the mortgages by Mrs. Finnegan, and, in the exuberance of his confidence in his professional resources, he responded: "To hell with the mortgages! I can beat them." In some manner not disclosed Crist had become aware that the description of the property in Mrs. Finnegan's title papers and in said mortgages did not cover the ground on which the house stood, and sought to take advantage of the error by including in the deed which he procured from her to Statler not only the lots to which she held title but a description also of the

strip of "no man's land" already mentioned. Later Statler sought to strengthen his claim of title by obtaining a conveyance from one of Mrs. Finnegan's grantors.

The foregoing is perhaps sufficient introduction to a statement of the issues we have now to consider. The plaintiff, Burt Zaiser Company, sues for a foreclosure of the two mortgages hereinbefore described. It also alleges that it was the intention of the parties to the mortgages that the lien thereof should attach to the house of the mortgagor, and that they both believed and understood that the description of the property contained in said mortgages did in fact include the site of said house, and plaintiff prays that such lien may be established and confirmed. The defendants Finnegan concede the claims made by the plaintiff, and by cross-petition against Statler ask that the deed given to him be set aside and canceled as having been obtained by fraud and without consideration. Statler denies the averments of fraud, and alleges that he is the absolute owner of all the real estate by virtue of the deed which Crist obtained from the Finnegans. He admits that plaintiff's mortgages are a first lien so far as the lots described therein are concerned; but as to the so-called strip of "no man's land" and the house situate thereon he asserts that the deed from the Finnegans makes him absolute owner, and his title is unincumbered by any liens. Trial being had to the court, a decree was entered, foreclosing plaintiff's mortgages against all the defendants, and confirming the lien thereof not only upon the lots described therein but also upon the dwelling house substantially as prayed in the petition. It was also found and held that the deed to Statler was given to obtain a bail bond, and to secure the expenses incurred in the defense of Finnegan in the criminal case, and that for moneys so advanced or expended there was due Statler from the Finnegans $304.35, for which sum said Statler was awarded a lien upon the property junior to the liens of the two mortgages held by plaintiff. Statler appeals.

We shall not attempt a review of the testimony. It is

enough to say that it amply sustains the findings of the lower court. We are abidingly convinced that the deed under which Statler makes claim was taken with

1. CONVEYANCES:
bona fide pur-
chaser: notice.

full knowledge and notice of the mistake in the description of the property in the prior mortgages, and with the purpose and intent to defeat such mortgages so far as relates to the building, and the court made no mistake in establishing the lien of the mortgages upon the entire property.

Nor have we any doubt whatever that the deed which Crist obtained, and in which he inserted Statler's name as grantee, was procured under his promise to use the same in procuring a bail bond for Finnegan. That a

2. SAME: failure
of considera-
tion: cancella-
tion of convey-
ance.

deed so obtained from a client for services which were never performed ought to be promptly set aside is a proposition so clearly equitable as to require neither argument nor the support of precedent. The trial court went to the extreme of liberality when it permitted the deed to stand in the nature of mortgage security for moneys which Statler says he paid to Crist, and of that appellant assuredly has no right to complain. Whether it ought not to be reversed on appellee's appeal is at least open to doubt; but upon reflection we conclude that perhaps substantial equity will be accomplished by leaving the decree of the district court undisturbed.—*Affirmed.*

DEEMER, GAYNOR, and WITHROW, JJ., concur.