### SCHAUER & CO. V. F. J. BEITEL'S EXECUTOR.

No. 782. Decided April 24, 1899.

**1. Venue—Plea of Privilege—Waiver.**

Defendant who pleads in bar can not afterwards by amended answer assert his privilege of being sued in the county of his residence. (P. 603.)

**2. Assignee—Validity of Indorsement—Pleading.**

The right of plaintiff to sue as assignee of a written instrument can only be put in issue by a sworn plea attacking the indorsement as a forgery. Rev. Stats., art. 313. A sworn plea that the plaintiff is not the owner of the note sued on, and that the transfer was simulated, fraudulent, and without consideration, and made for the purpose of cutting off defenses against the payee, does not put plaintiff on proof of the indorsement or delivery. (Pp. 603, 604.)

**3. Same—Executor.**

An executor may recover upon a note indorsed to his testator, by virtue of the latter's legal title, irrespective of the true ownership. (P. 604.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Beitel sued Schauer & Co. and Ellison upon a promissory note and had judgment, from which Schauer & Co. appealed, and on its affirmance procured writ of error.

*J. H. McLeary, Henry E. Vernor,* and *Franklin, Cobbs & McGown,* for plaintiffs in error.—Appellants could not be sued out of the county of the residence of either of them by the joinder of a fictitious or improper party. Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 122; Roan v. Raymond, 15 Texas, 78; Jones v. Austin, 26 S. W. Rep., 144; Raymond v. Holmes, 11 Texas, 58.

As the undisputed evidence, the findings of the lower court, and the Court of Civil Appeals all show that Darlington, Quick & Boyden were the holders and owners of the note at the time of the institution of the suit and its trial, and that the transfer to Ellison and by him to Beitel were fraudulent and simulated, and that defendants were asserting a defense to said note against the real owners, therefore said suit could not be prosecuted in the name of said Beitel, he having neither title to

nor interest in the note, and same should have been dismissed by the lower court when said facts were discovered. It is no answer to this contention to say that the lower court found, on the hearing, that the said defense of said defendants was not established by the evidence introduced. A holder of a promissory note, under a simulated transfer, who affirmatively shows that he has no title to the note and is not asserting any thereto, can not be said to be even the legal holder thereof. Possession of the note indorsed to him, unexplained, would confer on him the right to prosecute the suit, because possession is presumptive evidence of ownership, but possession shown to be without any ownership does not confer such right. The undisputed evidence shows that the note was never in possession of Beitel. It was sent to Wright & Summerlin for collection and they asked Beitel to let them use his name in bringing suit, and this he consented to do.

If Beitel had any title whatsoever to the note sued on, he held same purely as a trustee for the payees thereof, and the purpose of the transfer of the note to him is shown by the evidence to be to get the use of his name in prosecuting the suit. When he died, therefore, the trusteeship became vacant and did not descend to his legal representatives, and it was error, therefore, to permit the suit to be revived and prosecuted by such executor.

*R. L. Summerlin* and *J. A. Buckler*, for defendant in error.

BROWN, ASSOCIATE JUSTICE.—F. J. Beitel sued Schauer & Co., a firm composed of Chas. Schauer and Albert Raas, as principals, and A. A. Ellison, as indorser, upon a promissory note for $3700, payable to Darlington, Quick & Boyden, by whom it was assigned in writing to A. A. Ellison and by him assigned to F. J. Beitel. Chas. Schauer at the time lived in Tom Green County, Texas, and Albert Raas was a nonresident of the State. A. A. Ellison resided in Bexar County, Texas.

The defendant Schauer answered and afterwards filed two original amended answers, none of which appear in the record, but it is stated that neither of them contained a plea to the jurisdiction of the District Court of Bexar County. Schauer filed his third original amended answer, in which he set up that at the time the suit was brought he resided in Tom Green County; at the time the answer was filed he resided in Crockett County, and he never did reside in Bexar County; that his partner and codefendant, Albert Raas, was a nonresident of the State. It was alleged that the defendant Ellison never did own any interest in the note sued upon, but that the same belonged at the time suit was brought to the original payees, Darlington, Quick & Boyden, and to give jurisdiction to the District Court of Bexar County over the defendant Chas. Schauer, the note was assigned to A. A. Ellison, and by him, for the same purpose, assigned to the plaintiff, Beitel. It is alleged that Beitel had no interest in the note, but it belonged to the original payees, and the transaction between them and Ellison and Beitel was had for the

fraudulent purpose of depriving the defendant of his right to be sued in the county of his residence.    This plea to the jurisdiction of the District Court of Bexar County was filed after the original answer and two amended original answers had been filed, which contain pleas in bar of the action; defendant Schauer was informed of the facts which he set up as a fraud upon the jurisdiction of the court prior to the time that he filed his second amended original answer.

The answer of Schauer contained the following allegations:

"14.    And if required to further answer herein, these defendants say that the plaintiff, F. J. Beitel, has no interest whatever in this suit, and is not now and never has been the legal or equitable owner of the note sued on, and this defendants are ready to verify.

"15.    And further answering herein, these defendants say that the real plaintiffs in this case should be the payees of the said promissory note, to wit, Darlington, Quick & Boyden, and that they have never transferred or assigned the said promissory note, and have never indorsed the same for value, but that the simulated transfer, assignment, or indorsement of the same is merely for the purpose of attempting to cut off any defense which these defendants may have against the said promissory note for failure of consideration or otherwise; and this the defendants are ready to verify."

The affidavit to the answer is as follows:    "Before me, Nat Lewis, clerk of the District Court of Bexar County, Texas, on this day personally appeared Charles Schauer, who being by me duly sworn, upon his oath deposes and says that the allegations in the plea to the jurisdiction herein contained are true, and that the consideration for the note sued on in this case and referred to in the foregoing answer has wholly failed, and that the allegations in this amendment contained are wholly true."

The case was submitted to the court without a jury, and the plea to the jurisdiction was overruled and judgment entered in favor of the plaintiffs against the defendants, which judgment the Court of Civil Appeals affirmed.

The District Court properly overruled the plea of Chas. Schauer & Co. to the jurisdiction of that court because the plea was not filed in the due order of pleading.

The proceeding by which the title of an assignee or indorser may be put in issue by the maker when sued upon a written instrument, is prescribed in the following article of the Revised Statutes:    "Art. 313. When a suit shall be instituted by an assignee or indorsee of any written instrument, the assignment or indorsement thereof shall be regarded as fully proved, unless the defendant shall deny in his plea that the same is genuine, and moreover shall file, with the papers in the cause, an affidavit, stating that he has good cause to believe and verily does believe, that such assignment or indorsement is forged."    The answer of Schauer & Co. upon which this case was tried did not contain an allegation that either of the assignments upon the note sued on was not genuine, nor does the affidavit which was filed with that answer state that

the affiant "has good cause to believe and verily does believe that such assignments are forged." In the state of the pleading, the written transfers upon the note fully established the title to it in the plaintiff and his right to recover thereon. Grounds v. Sloan, 73 Texas, 662. · In the case cited, Judge Henry, for the court, said: "Clearly this statute intends to give an assignee of a written instrument the right to recover upon it without other proof than the production of the indorsed instrument unless its genuineness is denied specially in the answer, supported by an affidavit. Without such plea and affidavit, evidence contesting the validity of the assignment should not be heard. Even if evidence to the effect that the assignment for any cause is invalid or incomplete should be admitted, in the absence of the plea required by the statute, it would go for nothing. A valid judgment can not be rendered on evidence unsupported by a proper pleading. Without the prescribed plea, the language of the statute is that the assignment "shall be regarded as fully proved." This includes delivery and everything else required to give the assignment legal effect. The statute would be of very little value to the assignee if it left it necessary for him to bring proof of the actual delivery of the assigned instrument or left that fact open to attack under a general denial." It is unnecessary for us to discuss the evidence introduced, for, admitting that it shows a want of title in the plaintiff, it can not be given effect in this case, because there is no sufficient pleading under which it could be admitted.

It is claimed that Beitel being a trustee of the note, his representative could not recover upon it. This objection necessarily falls under the force of the preceding article of the Revised Statutes, for by its terms the legal title of Beitel was fully established by the written transfers, and he being dead, the suit could be prosecuted by his executor or administrator.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*