Mayfield Grocer Company v. Andrew Price & Company et al.

Decided June 6, 1906.

### 1.—Note—Endorsement—How Questioned.

The genuineness or sufficiency of an endorsement as a transfer of a promissory note can not be questioned under our statute except by sworn pleading.

### 2.—Purchaser of Note after Maturity—Pleading.

But where the owner of a note, or one who claims an equity therein alleges and seeks to prove that the holder acquired such note after maturity, and is therefore chargeable with notice of the rights or equities of a prior endorser, such pleading need not be sworn to.

### 3.—Same—Terms of Endorsement.

Past due commercial paper is degraded to the rank of a personal chattel, and the purchaser acquires only such title as the seller had. This rule does not apply, however, when the endorsement is in such language and terms as evidence ownership of the note in the person to whom it is transferred.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*Fitzgerald & Butler,* for appellant.—Plaintiff having filed the suit as the endorsee of written instrument, and the endorser, Diggs, having filed no plea under oath, the introduction of the notes in evidence bearing the indorsement of said Diggs, "fully proved" that title had passed from her, and entitled plaintiff to judgment against Price for the full amount of the notes and against Diggs for the full proceeds of the land; and this even though the court had admitted evidence seeking to limit the effect of the endorsement, for there being no plea under oath the evidence without valid plea, could not support the judgment. Art. 271, Rev. Stats., or art. 313, Sayles' Stat.; Grounds v. Sloan, 73 Texas, 662; Schauer & Company v. Beitel's Executor, 92 Texas, 601; Parker v. American Exchange Bank, 27 S. W. Rep., 1073.

Diggs having endorsed the notes in blank and delivered them to Davis, and thereby clothed him with all the indicia of ownership, and he having endorsed them in blank and left them with James Owens & Company, and they having endorsed them in blank to plaintiff, who advanced property on the faith of the Diggs endorsement, she is now estopped to assert title to the notes as against plaintiff, and is likewise estopped from saying that her blank endorsement had an entirely different meaning from that which the law writes into every blank endorsement. Kempner v. Huddleston, 90 Texas, 182; Riley v. Reifert, 32 S. W. Rep., 185; 11 Am. and Eng. Ency. of Law (2d ed.), p. 422; Bigelow on Estoppels, p. 547.

*J. E. Synnott* and *Weeks & Whitley,* for appellee M. A. Diggs.—Plaintiffs having purchased the three notes after their maturity, endorsed in blank, took the same subject to any defenses and all objections effecting them in the hands of the party who first became wrongfully possessed of them, or in other words, appellants got no better title to the notes than Jno. A. Davis had.

This being true the court did not err in rendering judgment for Mrs.

Diggs against Price. Weathered v. Smith, 9 Texas, 623; Walker v. Wilson, 79 Texas, 185; 1 Daniel Neg. Inst., sec. 724; Foley v. Smith, 6 Wall., 492; Tiedeman on Com. Paper., sec. 297.

JAMES, CHIEF JUSTICE.—Appellant brought suit on five vendor's lien notes executed by Andrew Price to M. A. Diggs, and endorsed in blank by M. A. Diggs, also by John A. Davis, and also by James Owens & Company. The last named had endorsed and delivered the notes to the Mayfield Grocer Company as collateral, there being due by it to appellant more than the face of the notes. Price and all the endorsers were sued for the amount of the notes and foreclosure on the land was prayed for.

The only issue that developed was between Mrs. M. A. Diggs and plaintiffs. She pleaded that she sold the land to Price and took these notes, that she had endorsed and delivered them to Davis for collection only, that she had never authorized Davis to sell or in any way dispose of them to James Owens & Company, nor James Owens & Company to sell or hypothecate them, and that she was not aware that plaintiff, or James Owens & Company or Davis claimed title to or ownership of same until she was cited in this suit, and she prayed for judgment for possession of said notes, and, as Price was sued, she prayed that she be given judgment against him and the Mayfield Grocer Company for the amount thereof and for foreclosure of her vendor's lien on the land, etc.

The evidence disclosed that she had endorsed the notes in blank and delivered them to Davis, a relative, for the purpose of collecting them for her. That Davis, who was a member of the firm of James Owens & Company, endorsed them in blank, and that James Owens & Company in turn endorsed them in blank and delivered them to plaintiff as aforesaid. Three of the notes were past due when plaintiff took them.

The court gave judgment in favor of plaintiff and Mrs. Diggs against Price for the debt and for foreclosure of the lien, directing that three-fifths of the net proceeds of the foreclosure sale be paid to Mrs. Diggs and two-fifths to plaintiffs. The Mayfield Grocer Company appeals claiming:

1st. That the endorser, Mrs. Diggs, having filed no pleading under oath, the introduction of the notes bearing her endorsement fully proved that title had passed from her and entitled plaintiff to judgment against Price and her for all the proceeds of the land, and this though the court had admitted evidence tending to limit the effect of her endorsement, for there being no plea under oath the evidence without such plea could not support the judgment.

2d. She having endorsed the notes in blank and delivered them to Davis, and thereby clothed him with all the indicia of ownership, and he having endorsed them in blank and left them with James Owens & Company, and they having endorsed them in blank to plaintiff, is estopped from saying that her blank endorsement had an entirely different effect from that which the law attaches to every blank endorsement.

Appellant bases the first proposition upon what was held in Schauer v. Beitel, 92 Texas, 601, and Grounds v. Sloan, 73 Texas, 662. Those cases hold that the genuineness or the sufficiency of an endorsement as

a transfer of the paper can not be questioned under our statute except by sworn pleading. Applying the rule there declared, to the circumstances of this case, there being no pleading under oath, the effect of the endorsement was to establish the assignment and delivery of the notes to plaintiff. But the effort here is not an attempt to negative the assignment and delivery of the notes to plaintiff, but assumes such assignment and delivery, and undertakes to show that they took place under such circumstances as charged plaintiffs with the equities or rights of a prior endorser. It admits that plaintiff holds the notes by transfer, but claims that in its hands the notes are subject to defendant's equity. We know of no statute that requires such matter to be pleaded under oath.

The rule affecting ordinary commercial paper is as stated in Walker v. Wilson, 79 Texas, 188, that "the transferee of overdue commercial paper gets no better title than that of his transferrer. The holder of such paper for value before maturity takes it discharged of every defense against it, but when dishonored it is in respect to the title acquired by a subsequent holder, degraded to the rank of a personal chattel, the purchaser of which acquires only such title as the seller had."

We see no escape from the conclusion that as to the notes that were past due when taken by plaintiff, they were in plaintiff's hands subject to the right or equity Mrs. Diggs had in respect to them while in the hands of Davis or James Owens & Company.

The case above cited was approved in Kempner v. Huddleston, 90 Texas, 185, where a different rule was held to be applicable when the endorsement is in such language and terms as evidence ownership of the notes in the person to whom they are transferred, in which case the transferrer would not be allowed to dispute this as against a subsequent purchaser who had acted upon such theory. The judgment is affirmed.

*Affirmed.*

Writ of error refused.