HANDLEY v. FIRST NAT. BANK OF CANYON.

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912.)

1. PLEDGES (§ 58*)—ACTION ON COLLATERAL—ALLEGATIONS OF INDEBTEDNESS.

In an action on a note by a person holding it as collateral security for a debt of the payee, he must allege and prove nonpayment of the secured debt.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 186–194; Dec. Dig. § 58.*]

2. PLEDGES (§ 58*)—ACTION ON NOTE PLEDGED—PLEADING AND PROOF.

In an action on a note, the consideration for which has failed as between the maker and payee, by a person holding it as collateral security for a debt of the payee, defendant may prove, under the general issue, that the note was pledged to secure the payment of a debt other than that alleged by plaintiff, without filing the sworn plea required by Sayles' Ann. Civ. St. 1897, art. 313, when a defendant wishes to dispute the genuineness of the assignment or indorsement of the note sued on.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 186–194; Dec. Dig. § 58.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by the First National Bank of Canyon against W. L. Handley. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Mathes & Williams, of Plainview, for appellant. Bean & Klett, of Lubbock, for appellee.

HALL, J. The appellee bank filed this suit against appellant to recover upon two promissory notes in the sum of $1,000 each, executed by appellant and payable to J. J. Dillard. By supplemental petition, appellee alleged that the notes had been assigned and transferred to it to secure a certain note in the sum of $3,620.55, dated April 4, 1909, due 120 days after its date, executed by Dillard and payable to said bank. The appellant pleaded that the notes sued upon were without consideration; that they were procured by fraud; that appellee was not a bona fide holder; and that the notes were never transferred to secure said note for $3,-620, given by Dillard to appellee.

The facts upon which the plea of failure of consideration is based are specifically pleaded and established by appellant's testimony, and are not controverted by the evidence of Dillard or any other witness.

The court peremptorily instructed the jury to return a verdict against appellant, and from the judgment based upon this verdict appellant appeals, and submits the case upon several assignments of error, which it will not be necessary for us to consider in full.

Briefly stated, appellant's contention is that the notes in question were not deposited with appellee bank to secure the Dillard note for $3,620.55, but were deposited, if at all, on March 17, 1909, to secure an entirely different note, executed by Dillard to the bank on that date, in the sum of $2,745.40. There is no testimony in the record as to the payment of the last-named note.

[1, 2] Appellee insists that, because there was no affidavit filed by appellant, under Sayles' Civil Statutes, art. 313, averring that the assignment or indorsement of Dillard was forged, appellant therefore had no right to question the fact alleged by appellee that the notes had been pledged with appellant as collateral for the $3,620.55 note. We cannot sustain this contention. Before appellee could recover upon the collateral notes, it must allege and prove that the debt which they were pledged to secure was not paid; and, under the general issue, without any sworn plea, appellant had the right to prove, if he could, that they had been deposited to secure another and different obligation of the original debtor, Dillard.

Since the judgment must be reversed, and the cause remanded for another trial, it is not proper for us to pass upon the suffi-ciency of the testimony, further than to say that, in our opinion, it was sufficient to require the trial court to submit that issue to the jury.

Because the court erred in peremptorily instructing a verdict, the judgment is reversed and the cause remanded.