INTERTYPE CORPORATION v. SENTINEL PUB. CO. (No. 6095.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1918.)

1. EVIDENCE &#9410;&#61664;366(3)—COPIES OF JUDICIAL RECORDS—ADMISSIBILITY.

A copy of a decree of a federal court is inadmissible in evidence, where neither the instrument itself nor the certificate of the clerk shows by what court it was rendered.

2. EVIDENCE &#9410;&#61664;366(3)—COPIES OF JUDICIAL RECORDS—SUFFICIENCY OF CERTIFICATE.

A copy of a decree of a federal court is not admissible in evidence, where the clerk's certificate fails to show that it is a true copy of an original decree.

3. BILLS AND NOTES &#9410;&#61664;485 — TRANSFERS — PLEADING.

Under the statute, a sworn pleading is necessary to question the genuineness or sufficiency of an indorsement on a note as a transfer thereof.

4. MORTGAGES &#9410;&#61664;235—TRANSFER OF SECURITY—ADMISSIBILITY OF EVIDENCE.

A mortgage, as incident to the debt, passes to the owner of notes secured by it upon their transfer.

5. ASSIGNMENTS &#9410;&#61664;137—ACTIONS—PROOF OF ASSIGNMENT.

In suit on an account alleged to have been assigned, the assignment is not proved by showing decree merely directing the assignment, and not itself vesting title to the assets assigned, since it cannot be assumed that the decree was complied with.

6. ACCOUNT, ACTION ON &#9410;&#61664;12—DEFENSES — OWNERSHIP OF DEBT.

The rule that the justness of the account cannot be impeached unless a counter affidavit is filed does not mean that ownership of the debt is conceded by failing to file an affidavit.

7. ACCOUNT, ACTION ON &#9410;&#61664;11 — REQUISITES OF AFFIDAVIT.

An account is properly verified by affidavit of plaintiff, assignee thereof, and need not be verified by affidavit of plaintiff's assignor.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the Intertype Corporation against the Sentinel Publishing Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

H. W. Williams, of Brownsville, for appellant.

MOURSUND, J. We adopt appellant's statement of the case:

"In this case the appellant sued the appellee in the district court of Cameron county, Tex., upon a series of 29 promissory notes in the principal sum of $50 each, executed by appellee in favor of the International Typesetting Machine Company, representing balance due on the purchase price of a typesetting machine; and also to foreclose a chattel mortgage lien given by appellee in favor of the International Typesetting Machine Company to secure the payment of said notes, as well as to secure the payment of the purchase price of any parts for said machine which might be purchased in the future. Appellant also sued appellee upon an open account in the sum of $111.71 covering the purchase price of certain goods, wares, and merchandise bought by appellee from the International Typesetting Machine Company on open account, and plaintiff attached to its petition a verified, itemized statement of said open account. "In the appellant's first amended original petition (on which it went to trial), it alleged that the plaintiff is the successor to and of the International Typesetting Machine Company, and has succeeded to all of its assets of every kind or nature whatsoever and to all of its legal and equitable rights, title, and claims of whatsoever kind or nature, and especially to the possession, right, title, and interest, both legal and equitable, to the notes, debt, and lien, and all of the rights incident thereto, herein sued upon, by way of purchase for a good and valuable consideration. "Appellant prayed for judgment against appellee for its debt evidenced by said notes and said open account, and for foreclosure of its chattel mortgage lien. "Appellee answered by way of general demurrer and general denial.

Judgment was rendered in favor of appellee.

The plaintiff offered in evidence an instrument claimed to be a copy of a decree of the District Court of the United States for the Southern District of New York, rendered in equity cause No. E–12277, Guaranty Trust Company of New York against International Typesetting Machine Company, on February 2, 1916, approving the report of Henry B. Classon, the special master, and the sale made by him of all property and assets of said International Typesetting Machine Company, and directing the execution and delivery of deeds or instruments of transfer of said property and assets to the Intertype Corporation, upon compliance with the terms of the bid. The decree, in its description of the assets to be conveyed, mentions "merchandise accounts" and "notes." It approved the form of deed filed with the court and

---

&#9410;&#61664;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

directed that the special master, the International Typesetting Machine Company, and Erskine Hewitt, as receiver, and Guaranty Trust Company of New York, as trustee. should all execute and deliver a deed or deeds substantially of the tenor of the draft deed. It further provided for the delivery of the property and assets, but reserved jurisdiction, for the purpose of enforcing all the terms and conditions of the sale, to retake and resell the property should the grantee fail or refuse to comply with the provisions of the decree of foreclosure and sale and of the decree, as well as the terms of the deed or deeds to be executed. The decree also reserved for further consideration all questions not therein finally determined.

[1, 2] The instrument was objected to on the ground that the certificate thereto was insufficient to authenticate the same as a true copy of any decree of the United States District Court of the Southern District of New York. The instrument is copied in the bill of exceptions, with the exception of the style and number of the case. It fails to show on its face in what court it was rendered. It is signed Chas. M. Hough, United States District Judge. The certificate of the clerk is as follows: "A true copy. Abe Gilchrist, Jr., Clerk." And the seal of the District Court of the United States, Southern District of New York, is impressed thereon. A copy of a decree of a federal court is admissible when certified to alone by the clerk of the court under the seal of that court. Chamberlayne on Ev. § 3409. Therefore, if the certificate of the clerk is sufficient, the instrument should have been admitted. Unless the instrument shows in what court the decree, of which it purports to be a copy, was rendered, the certificate should show such fact. Chamberlayne on Ev. § 3403. We are unable to find either from the instrument or certificate in what court the decree was rendered, of which such instrument purports to be a copy. The certificate is subject to the further objection that it fails to show that the instrument is a true copy of an original decree. In view of the objections pointed out, the court did not err in excluding the instrument.

There is no merit in the other objections urged against said instrument.

[3] The plaintiff offered in evidence one of the series of notes sued on, which was indorsed: "International Typesetting Machine Company, Jos. C. Ridder, Treasurer." It was objected to on the ground that there was no evidence that Ridder was treasurer of said company, or that he had any authority to indorse the note; also, that it did not appear that Ridder's signature was genuine, and that the indorsement, if genuine, wholly fails to show that the note was ever transferred or conveyed to the Intertype Corporation. These objections are without merit. The genuineness or sufficiency of an indorse-

ment as a transfer of the note could not be questioned under our statute except by a sworn pleading. Schauer v. Beitel, 92 Tex. 601, 50 S. W. 931; Mayfield Grocer Co. v. Price, 43 Tex. Civ. App. 391, 95 S. W. 31; Forster v. Railway, 176 S. W. 788; First Nat. Bank v. Smith, 183 S. W. 862; Bloch v. Bank, 190 S. W. 541.

[4] Of course, the mortgage, being an incident to the debt, passed to the owner of the notes, and was admissible in evidence. Solinsky v. Bank, 82 Tex. 244, 17 S. W. 1050.

[5] The itemized account, described in and made a part of the petition, was verified by the affidavit of Chas. D. Palmer, president of the Intertype Corporation. No assignment of this account was undertaken to be shown except by the instrument purporting to be a copy of a decree, which was described in considering the first assignment. There being no proof of an assignment of the account, it was properly excluded. Even had a properly certified copy of a judgment of the tenor of the instrument above referred to been produced, it would not, standing alone, have shown an assignment of the account. The transfer, if one was ever executed pursuant to said decree, conveying the assets, must be produced and its execution proven, for the decree did not purport to vest title to the assets in the Intertype Corporation. Standifer v. Hardware Co., 94 S. W. 144. It directed and required, as is the rule in equity cases, that the title be transferred by certain parties to the suit, on certain conditions being fulfilled. It cannot be assumed that the conditions were complied with and the deed made.

[6, 7] While it is true that the justness of the account cannot be impeached unless a counter affidavit is filed, this does not mean that ownership of the debt is conceded by failing to file an affidavit. The objection that the account is not verified by the affidavit of an officer or agent of the International Typesetting Machine Company is without merit. It was verified by an officer of plaintiff company, as required by statute. Carpenter v. Historical Pub. Co., 24 S. W. 685; Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707.

The first and fourth assignments are overruled. The second and third sustained.

The judgment is reversed, and the cause remanded.

⬥⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes