**FULWILER ELECTRIC CO. v. SMITH et al.
(No. 1445.)\***

(Court of Civil Appeals of Texas. El Paso.
March 29, 1923. Rehearing Denied
April 26, 1923.)

1. **Bills and notes ⬅️485—Transferor by delivery, without written indorsement or assignment, could show that delivery was conditional and that title did not pass.**

Where note was transferred by delivery without written indorsement or assignment, the transferor could show, under a general denial, that the delivery of the notes was conditional, and that the title did not pass under Negotiable Instruments Act, § 16 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—16), notwithstanding Rev. St. art. 588, providing that, in a suit by an assignee or indorsee of a written instrument, the assignment or indorsement shall be regarded as fully proved, unless defendant shall deny its genuineness in his plea and file an affidavit stating that he had good cause to believe and does believe that assignment of indorsement is forged, such statute being inapplicable where transfer is by delivery without written assignment or indorsement.

2. **Trial ⬅️25(6)—Refusal to allow intervener to open and conclude argument held not error.**

Refusal to allow intervener, who had burden of proof on issue involved between intervener and plaintiff, to open and conclude the argument was not error, where there were other parties and issues as to which the burden rested on the plaintiff.

3. **Bills and notes ⬅️523—Evidence held to sustain finding that transfer of notes by delivery was conditional and that condition failed.**

Evidence *held* to sustain a finding that transfer of notes by delivery without written assignment or indorsement was conditional on approval of title of land on which notes constituted a lien that the title was not approved and the transaction was not consummated.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by the Henley Lumber & Supply Company, in which J. Neil Smith was substituted against R. A. Cox and another, in which the Fulwiler Electric Company intervened. From an adverse judgment, the intervener appeals. Affirmed.

Butts & Wright, of Cisco, for appellant.
Claude C. Wild, of Cisco, for appellees.

HIGGINS, J. There are a number of parties to this suit, but the questions presented by the appeal relate to the issues arising between Fulwiler Electric Company, appellant, and the appellee Smith.

For the purposes of this appeal the case may be thus stated: The Ledian Building Association held a series of vendor's lien notes payable to their order, executed by R. A. and Minnie Cox. These notes were transferred by indorsement in blank and delivered to the Henley Lumber & Supply Company, of which J. A. Henley was president. That company held a materialman's lien against the property upon which the vendor's lien existed. R. A. and Minnie Cox conveyed the property to the Henley Lumber & Supply Company.

The present suit was instituted by the Henley Lumber & Supply Company against R. A. and Minnie Cox and others, the nature of which, as between the orginal parties, it is not necessary to state.

The Henley Lumber & Supply Company became a bankrupt, and its estate passed to the appellee Smith, who was substituted as plaintiff. In the series of vendor's lien notes transferred, as aforesaid, were two in the sum of $1,000 each.

The appellant intervened in this suit, seeking to recover upon these two notes and foreclose the vendor's lien securing their payment. In its petition it alleged that these two notes were transferred and assigned by the Ledian Building Association to the Henley Lumber & Supply Company, and thereafter transferred and delivered by the Henley Lumber & Supply Company to C. V. Falkner, and by Falkner transferred and delivered to the appellant in part payment for an automobile truck sold by appellant to Falkner, and that, at the time it acquired such notes, the Henley Lumber & Supply Company, by its president, J. A. Henley, represented to Falkner and appellant that said notes were a valid first lien upon the property and upon an equal footing with the rest of the series. It was the theory of appellant that all the liens against the property had been merged in the estate in fee vested in the Henley Lumber & Supply Company by virtue of the Cox conveyance to said company, but that appellant's rights as holder of the two notes were protected because of an estoppel created by the representations made by J. A. Henley at the time it acquired the notes.

Smith answered the intervention of Fulwiler Electric Company by a general denial and a special answer which has no bearing upon the questions presented by the appeal.

Upon the trial, appellant offered in evidence the two notes sued upon bearing the indorsement in blank of the Ledian Building Association. Appellant also offered the testimony of Falkner, who, in effect, testified that he bought a truck from appellant, giving the notes in part payment therefor; that he never had the notes in his possession, but had been authorized by Henley to use the same in part payment for the truck, under an agreement with Henley, that he would do certain hauling for the Henley Lumber & Supply Company and in that way pay for same.

One of the Fulwilers testified to the sale

of the truck to Falkner and that the notes were delivered to appellant by a bank which had possession of them, such delivery having been made upon the order of Henley. He also testified that Henley said Falkner was authorized to use the notes in part payment for the truck, and that Henley made the representations concerning the notes as set up in appellant's pleadings.

It is further shown by the evidence that the truck was subsequently taken back by appellants because of Falkner's default in the payment of deferred purchase-money obligations.

In behalf of appellee Smith, J. A. Henley, in substance, testified as follows: That the truck was to be purchased by the Henley Lumber & Supply Company and turned over to Falkner under an agreement that it should become Falkner's when he paid for it, which payment Falkner was to make by hauling for the company; that in part payment for the truck the appellant was to accept the notes in controversy, provided the title was good to the property securing the same. Henley admitted that he gave appellant the order upon the bank for the delivery of the notes, but testified the notes were so delivered to appellant for the purpose of having the title examined and in effect that the trade was conditional upon the approval of the title and was not to be consummated unless the title was approved; that the title was not approved and the trade was not consummated, but was abandoned.

The real issue between appellant and appellee Smith thus resolved itself into a question of appellant's title to, and ownership of the notes. This issue was thus submitted to the court:

"1. Did the interveners, Fulwiler Electric Company, trade for and take title to the two vendor's lien notes in controversy herein at or before the date of the delivery of said notes to said company?"

This was answered in the negative, and judgment was rendered that appellant take nothing.

[1] Appellant assigns error to the submission of the foregoing issue and to the overruling of a motion for judgment in its favor, claiming that the assignment evidenced by the indorsement upon the notes and appellant's possession thereof established its title and ownership, which could not be questioned in the absence of a plea denying the genuineness of the indorsement and the filing of an affidavit of forgery, as required by article 588, R. S., citing in support of this position Grounds v. Sloan, 73 Tex. 662, 11 S. W. 898; Schauer v. Beitel, 92 Tex. 601, 50 S. W. 931, and other cases. This statute and the doctrine announced in the cited cases has no application. Appellant's own pleadings disclose that, by the indorsement of the Ledian Building Association, the title to the notes passed to the Henley Lumber & Supply Company. It then alleges that such company transferred and delivered the notes to Falkner who in turn transferred and delivered the notes to appellant. The notes bore no indorsement by the Henley Company or Falkner, nor were they otherwise by them assigned in writing. On the contrary, according to the evidence of appellant, the transfer of title from the Henley Company to Falkner and from the latter to appellant rested in parol. Appellee was in no wise contesting the validity of the indorsement by the Ledian Building Association and could not have made an affidavit that it was forged without committing perjury. Since the plaintiff's claim of title to the notes rested in parol it was competent for the appellee to contest the issue under the general denial, and show that the delivery of the notes to appellant was upon condition, for a special purpose, and that title did not pass. Mayfield Grocer Co. v. Price & Co., 43 Tex. Civ. App. 391, 95 S. W. 31; Handley v. Bank (Tex. Civ. App.) 149 S. W. 742.

As to the general right of appellee to show that the delivery was conditional and not for the purpose of passing title, see section 16 of Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—16).

Other objections are urged which relate to the form of the issue submitted. The controlling question of title might have been more aptly submitted, but it was sufficient and is not subject to the objections which are urged.

[2] The refusal of the court to allow the appellant to open and conclude the argument presents no error. There were other parties and issues as to which the burden rested upon appellee. Nor did appellant make the admission required by district court rule 31. Bank v. Cooper (Tex. Civ. App.) 179 S. W. 295; Caldwell v. Auto S. & S. Co. (Tex. Civ. App.) 158 S. W. 1030. See, also, rule 37.

[3] The fourth assignment, which asserts that the finding upon the issue of title is unsupported by, and contrary to, the evidence, is without merit.

Affirmed.