[4] From Mr. Branch's work on Criminal Law, § 202, the following quotation, together with citation of authorities, is taken:

"To relieve the court from the necessity of charging on circumstantial evidence the confession must be that defendant committed the act for which he is then on trial, or the admission must be unequivocal that defendant did the main fact, and if it is only by a process of inference that it can be determined that there is a confession or admission of the main fact it is error to fail to charge on circumstantial evidence. Gentry, 41 Ap. 497, 56 S. W. 68; Trejo, 45 Ap. 131, 74 S. W. 458; Willard, 26 Ap. 130, 9 S. W. 358; Conner, 17 Ap. 15. Harris, 15 Ap. 638. Eckert, 9 Ap. 106; Beason, 63 S. W 633; Beason, 43 Ap. 442, 67 S. W. 96; Crowell, 24 Ap. 410, 6 S. W. 318. Pace, 41 Ap. 208, 53 S. W. 689."

[5, 6] With the foregoing rule in mind, and remembering that the main fact to be proved against appellant was that he transported whisky, let us examine the evidence and see if appellant's contention is correct that the facts bring this case within the rule of circumstantial evidence. There is positive testimony from Autry that while appellant was riding in a buggy along a public road he threw something from the buggy into a dry creek at a point near a bridge. Autry was not close enough to identify this object at the time it was thrown out, but the discovery of the whisky at that point would be a circumstance indicating this was the object thrown from the buggy. If this were all the testimony upon that point the case would remain one of circumstantial evidence. However, if appellant's statements to Autry admitted that the object thrown out was whisky, then it would take the case out of the rule of circumstantial evidence. After admitting to Autry that if the sheriff had searched the buggy when he first met appellant he would have been caught he told the witness that he was taking to a party at Winnsboro a couple of "quarts," and asked witness why he (witness) got the whisky. Upon being told it was because witness was sure appellant would go back after it if witness did not get it, and that witness did not want him to have it, appellant then said he did go back after the whisky late that evening. It occurs to us this was tanta-

mount to a direct admission of appellant that the article thrown by him from the buggy was whisky and that it is not left to inference. This admission, in connection with Autry's positive testimony as to seeing it thrown out, would remove this case from the realm of circumstantial evidence. The fact that appellant denied the conversation with Autry, and thereby formed an issue which the jury was to determine, does not alter the law relative to the matter. The evidence in this case also makes applicable to some extent the further rule that—

"If the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required." Branch's Ann. P. C. p. 1040; Holt v. State, 9 Tex. App. 582; Crews v. State, 34 Tex. Cr. R. 543, 31 S. W. 373; Cabrera v. State, 56 Tex. Cr. R. 141, 118 S. W. 1057; Bass v. State, 59 Tex. Cr. R. 191, 127 S. W. 1020.

We conclude no error was committed in refusing the special charge on circumstantial evidence.

The motion for rehearing is overruled.

---

**LOWDEN v. STAHL et al.    (No. 8439.)***

(Court of Civil Appeals of Texas. Galveston. March 6, 1924. Rehearing Denied April 10, 1924.)

**Bills and notes ⬤⟞477—Plea held to entitle defendant to prove indorsements procured by fraud.**

In a suit on notes, and to foreclose chattel mortgage, and to hold one defendant liable on his indorsements, plea of such defendant denying that he had indorsed notes for purpose of assuming any obligation for their payment, and alleging that they had been paid before indorsements were made thereon, and that no consideration therefor was paid by plaintiff, but that the indorsements were made at plaintiff's request, and on his representation that indorsements were only desired so that transfer of chattel mortgage could be recorded, *held* sufficient under Vernon's Sayles' Ann. Civ. St. 1914, art. 588.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by James G. Lowden against M. Stahl and others. From judgment for insufficient relief, plaintiff appeals. Affirmed.

Thomas R. Cox and C. E. McVey, both of Houston, for appellant.

Cole, Cole, O'Connor & Jones, of Houston, for appellee Bonno.

PLEASANTS, C. J. This suit was brought by appellant against appellees M. Stahl, B. E. Miller, and F. Bonno, to recover against the defendant M. Stahl the sum of $923.49, the

principal, interest, and attorney's fees due upon a note for $800, in favor of plaintiff, executed by said defendant on the 14th day of September, 1921, and the further sum of $2,131, being the principal, interest, and attorney's fees due upon 32 promissory notes executed by said defendant on September 15, 1921, and payable to the defendant B. E. Miller, the first of said notes being payable three months from date, and the remainder payable one note each succeeding month thereafter.

The petition alleges, in substance, that the 32 notes, for the sum of $50 each, were all indorsed by the defendants Miller and F. Bonno, and were for a valuable consideration transferred and assigned to plaintiff by said defendants.

It is further alleged that, to secure the payment of all said notes, including the note for $800 first mentioned, the defendant, Stahl, executed chattel mortgages upon personal property described in the petition.

Judgment was asked against the defendant Stahl, upon all of the notes, with foreclosure of the chattel mortgages upon the property described in the petition, and against all of the defendants upon the 32 notes for $50 each, with foreclosure against all of them of the chattel mortgage given by Stahl to secure said notes upon the property described in the petition.

The defendant Stahl filed no answer.

The defendant Bonno answered by general demurrer, and general and special denial of the allegations of the petition, and also by several special pleas, one of which is as follows:

"For further answer herein, but without waiving any of the foregoing general or special answers, this defendant avers that his name appears upon the back of said series of notes sued on by plaintiff herein; that same was placed there after said notes had been paid by defendant Stahl to this defendant, who received no consideration for his signature thereon, and which was, after the delivery of said notes by defendant Stahl, without the signature of this defendant, to the plaintiff, who procured the signature of this defendant upon said notes, upon plaintiff's assurance that same was necessary in order for him (the plaintiff) to get the transfer of record of the chattel mortgage lien on the personal property, securing said notes from the defendant Miller in whose name the chattel mortgage from defendant Stahl was then of record; said plaintiff asserting and assuring that this defendant would not be held liable upon his signature, which defendant says was procured without any consideration, and only upon said assurances, and after the discount to, and payment by, defendant Stahl of said notes; that said assurances of plaintiff occurred some time after the payment of said notes by defendant Stahl, and delivery of same to him without this defendant's signature, and delivery in like manner thereof to plaintiff, who this defendant had not heard of until some time after the transaction between him and defendant Stahl, as in this answer fully alleged."

The answer is verified by the following affidavit:

"The State of Texas, County of Harris.

I, F. Bonno, the defendant named in foregoing pleading, do solemnly swear that I have read the same, and that the contents stated therein are true, and that I never indorsed said notes for value to the plaintiff, J. G. Lowden, and all as set forth in foregoing answer.

"F. Bonno, Defendant.

"Sworn to and subscribed before me this the 27th day of June, A. D. 1922. Jno. L. Cole, Notary Public in and for Harris County, Texas."

The answer filed by the defendant Miller specially pleads the facts found by the trial court, and hereinafter set out.

The trial in the court below, without a jury, resulted in a judgment in favor of the defendants Bonno and Miller, that plaintiff take nothing against either of them. It was further adjudged that plaintiff recover of defendant Stahl the amount due upon all of the notes, with foreclosure of the mortgage lien upon the property described in the petition, given to secure the $800 note. The judgment further established, and foreclosed an equitable lien, in favor of plaintiff, upon the property to secure the payment of all the $50 notes.

At the request of appellant the trial judge filed the following conclusions of fact:

"(1) I find that the personal property involved in this suit, consisting of a bakery outfit located in the city of Houston, Harris county, Tex., was purchased by the defendant B. E. Miller, from the defendant F. Bonno, the latter part of the year 1920, or the first part of the year 1921, and that, as a part of the consideration therefor, the said Miller executed and delivered to the said Bonno certain notes, the payment of which was secured by a chattel mortgage on said property, which chattel mortgage was not filed for record.

"(2) I find that on the 14th day of September, 1921, one day before said personal property was sold by the defendant B. E. Miller to the defendant M. Stahl, the said Stahl executed and delivered to the plaintiff, James G. Lowden, a chattel mortgage on a part of said personal property, to secure the payment of the note of the said Stahl to plaintiff for the sum of $800, and that $500 of said sum was loaned to the said Stahl to be used by him in paying the cash part of the consideration, which the said Stahl was to subsequently pay the said Miller for all of said personal property, which chattel mortgage was filed in the office of the clerk of the county court of Harris county, Tex., on the — day of ——, 1921, and that neither the said Miller nor the said Bonno knew, until long after Miller had sold the property to Stahl, and the notes to Bonno, that any such note or mortgage had been given.

"(3) I find that at the time the said defendant (M. Stahl) executed and delivered to the plaintiff said note and chattel mortgage, the plaintiff had knowledge of the fact that F. Bonno owned and held the said mortgage against all of said personal property, and the notes secured thereby, given by the defendant

B. E. Miller, to him as a part of the consideration for said personal property.

"(4) I find that on September 15, 1921, the defendant B. E. Miller sold all of said personal property to the defendant M. Stahl for the consideration of $500, in cash, and certain notes aggregating the sum of $1,900, and that, on the same day and date, the defendant M. Stahl executed and delivered to the said Miller his chattel mortgage upon all of said personal property· to secure the payment of said notes, which chattel mortgage was filed for registration by the plaintiff on the — day of November, 1921, a certified copy of which is filed in this suit.

"(5) I find that at the time the defendant M. Stahl executed and delivered to the plaintiff the said note for $800, and the chattel mortgage on a part of said property, on September 14, 1921, the defendant M. Stahl had not purchased any of said property, and that the plaintiff knew this, and loaned a part of said money to Stahl, to be used for the purchase of said property; and that plaintiff knew that the said Stahl had not yet purchased said property, and also knew that he intended purchasing the same, partly on credit, and that he was to give notes for the balance of the purchase price, and a chattel mortgage on said property to secure the payment of the same.

"(6) I find that on September 15, 1921, the day the same were executed, the defendant B. E. Miller, for a valuable consideration, sold and assigned the said notes aggregating the sum of $1,900, and said chattel mortgage, securing the payment of the same, executed by the defendant M. Stahl, to him, to the defendant F. Bonno.

"(7) I find that the defendant M. Stahl subsequently paid to F. Bonno a $50 note of the notes given by him to said Miller, and soon thereafter paid off, with a check signed by himself, the remainder of said notes, which transaction was attended to in person by the said Stahl, the said notes being delivered to him in person by the defendant F. Bonno, and that when the said Stahl so paid said notes the said Bonno did not know, and had no reason to suspect, that the money used for the payment of the same was not the money of the said Stahl, and that the said Bonno did not promise the said Stahl, either prior thereto or at the time said Stahl paid said notes, that he would place his name on said notes or indorse the same.

"(8) I find that a few days after the defendant M. Stahl paid off and took up the balance of $1,850 of his notes from the defendant F. Bonno, the plaintiff came to the said Bonno, and asked him to place his name on the back of said notes, and the said Bonno did so because plaintiff represénted to him that it was necessary to have Bonno's name on the back of said notes in order to get a transfer of the chattel mortgage from the defendant B. E. Miller, in whose name the chattel mortgage was of record, in order to show plaintiff's lien on the personal property described in said mortgage, and that the defendant F. Bonno received no consideration for placing his name on said notes, and that the plaintiff had, prior to the time Bonno placed his name on said notes, parted with the money which he furnished to the said Stahl with which to take up said notes, without any promise from either defendant Bonno, or defendant Miller, to indorse or transfer said notes.

"(9) I find that the defendant F. Bonno placed his name on said notes, at the request of the plaintiff, after they had been paid with a check signed and delivered by the defendant Stahl, in person, to the said Bonno, and that Bonno received no consideration for so signing said notes; that he had not promised any one either before or at the time the notes were paid that he would indorse the same, and that the only reason defendant Bonno signed said notes on the back thereof was because plaintiff represented to him that it was necessary so to do in order to get a transfer thereof from the defendant B. E. Miller, in whose name the chattel mortgage was of record, in order to show plaintiff's lien on said personal property.

"(10) I find that plaintiff did furnish to the defendant M. Stahl the money with which the said Stahl paid off the notes given by him to the defendant B. E. Miller, and that the said Stahl, after paying off said notes, delivered the same, together with said chattel mortgage on all of said personal property securing the payment of the same, to the plaintiff, and that neither the defendant Miller nor the defendant Bonno knew, until after the defendant Stahl had paid off and taken up the notes from defendant Bonno, that plaintiff had furnished the money to pay off said notes, and that the defendant Stahl had subsequently delivered the same, together with said chattel mortgage, to the plaintiff.

"(11) I find that at the time the defendant B. E. Miller executed, and delivered to the plaintiff the written assignment of the said series of notes, aggregating the sum of $1,900, and the chattel mortgage securing the payment of the same, dated the — day of November, 1921, he had no interest in either said notes or said chattel mortgage, and that his signature and acknowledgment to said assignment were obtained by misrepresentation; that the instrument contained only a statement that he had no further interest in the property, and that the defendant Miller did not read said assignment."

These conclusions of fact are not assailed by any assignment of error presented in appellant's brief, and are adopted as the conclusions of this court.

We think it clear that the conclusions of law and the judgment of the trial court, based upon these facts, should be affirmed.

Waiving all questions as to the sufficiency of the' assignments, and the statements from the record submitted thereunder, to present any question requiring the consideration of this court, we will briefly dispose of the questions sought to be presented.

We are of opinion that the sworn plea of the appellee Bonno, before set out, denying that he indorsed the notes upon which plaintiff sues, with the intention, or for the purpose of assuming any obligation for the payment of the notes, and alleging, in substance, that the notes had been paid before the indorsements were made thereon; that no consideration was paid by plaintiff for such indorsements; and that they were made at the

request of plaintiff, and upon his representation that they were only desired for the purpose of showing that the notes had been satisfied, and the defendant's lien upon the property discharged, was a sufficient compliance with article 588, Vernon's Sayles' Civ. St., to entitle the defendant to prove the averments of the plea, and by such proof defeat plaintiff's claim of liability of the defendant.

The defendant could not have sworn that his signature to the indorsement was a forgery, but it cannot be held that the facts sworn to by him do not deny the genuineness of the indorsement, and to give the statute the interpretation contended for by the appellant would be to deny the defendant the right to plead and prove the facts which show that plaintiff has no just or legal claim against him. This cannot be a proper construction of the statute. Mayfield v. Andrews, 43 Tex. Civ. App. 391, 95 S. W. 31.

The question presented, as to the priority of the mortgages, is immaterial, since the judgment of the trial court gives to the appellant all of the mortgage rights in the property granted by both mortgages.

The fact findings of the trial court relieve both appellees Miller and Bonno of any liability on the notes upon which plaintiff's suit is based, and it could serve no useful purpose to discuss and determine what would have been the respective rights of Miller and appellant, in the mortgaged property, if Miller, by his indorsement of the notes, had become liable to plaintiff.

That the facts found by the trial court defeat appellant's right to recover against either appellee Miller or Bonno is, we think, clear. This conclusion follows from the general principle of the law that a contract obtained by fraud or misrepresentation will not be enforced in favor of the party making the misrepresentation, nor can either party enforce a contract which is without consideration. This legal principle is so well established that citation of authority in its support is unnecessary.

We are of opinion that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.