**GLAZIER et al. v. TILTON.**

No. 13044.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 7, 1934.

On Motion for Rehearing Jan. 18, 1935.

Rehearing Denied March 15, 1935.

J. L. Goggans and Joe A. Keith, both of Dallas, for plaintiffs in error.

Clark & Clark, of Fort Worth, for defendant in error.

LATTIMORE, Justice.

This is an appeal from a judgment for plaintiff against defendants Glazier and Swensondale Petroleum Company and the Venezuelan-Mexican Oil Corporation and the Grantor Oil Company upon a verdict in part found by the jury and in part instructed by the court.

Tilton and Glazier, with some others, owned an option, which ownership stood in the name of Glazier, upon some oil properties. That option was sold for $50,000 cash and a deferred payment of $50,000. The cash was paid, and, pending the maturity of the deferred payment, Glazier purchased, some in part and some in toto, the interests of various ones of his associates.

The deferred payment defaulted and in the name of Glazier suit was brought thereon. During the trial that suit was compromised by an agreed judgment for $20,500 cash; a note payable to Glazier executed by the Grantor Oil Company for $11,000, of date December 20, 1930, payable in installments, the last of which was due January 5, 1932; and a note for $1,000 executed by Ira Nourse to the order of Swensondale Petroleum Company and by it indorsed to A. W. Glazier.

This suit was filed in August, 1932. The appellee Tilton alleged the above facts and that he owned an 11¼ per cent. in the said two notes; that such facts were known to the appellants at the time of the delivery of said two notes to Glazier; that said notes were past due and that he had received nothing on said notes; that appellee Glazier had purchased the interests of the other equitable owners of the two notes at a profit to be realized as and when the notes were paid; and he prayed for judgment against each of said defendants and severally for $2,414.12.

Appellant Glazier demurred generally to plaintiff's petition and by special exception called to the court's attention that the petition nowhere alleged that appellant Glazier had received any payments upon either of said notes. Glazier's duty is that of a trustee. He must use due diligence to collect and must deliver on collection to Tilton the latter's share of the proceeds of the notes. He is not a guarantor. His liability is not absolute. The vice of the petition was that it showed, according to its face, the suit to have been filed prematurely against Glazier. This

defect was properly subject to a plea in abatement. Love v. Austin Bridge Co. (Tex. Civ. App.) 5 S.W.(2d) 570; 1 Tex. Jur., page 131. The reason for the rule requiring this plea in limine is one of economy for the court and those whose time is required in attending the trial. If the time has not arrived for the determination of the issues there is no excuse for taking the time and expense of presenting those issues. Hence, the rule that the plea in abatement must precede the demurrers and exceptions. Compton v. Western Stage Co., 25 Tex. Supp. 67, 68. The plea in abatement must give a better writ. Hence the demurrer cannot suffice as a plea in abatement. The special exception might fulfill this standard, but if the court before reaching that special exception had sustained the general demurrer and the plaintiff had declined to amend, the case would have been disposed of on its merits with the potentially resulting appeals, all unnecessary if the plea in abatement had been duly presented. Becker v. Becker (Tex. Civ. App.) 218 S. W. 542; Article 2012, R. S.

We conclude, therefore, that appellant Glazier waived his defense that the notes had not been paid by not pleading in abatement. Statements suggesting that abatement is not necessary if the facts are shown in the record, such as in Ellerd v. Murray (Tex. Civ. App.) 247 S. W. 631, are dictum. Our Supreme Court holdings in Compton v. Stage Co., supra, and Wilson v. Adams, 15 Tex. 323; Hoke v. Simonton (Tex. Civ. App.) 46 S.W. (2d) 1013; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 66 S.W.(2d) 496, show that the only effect of such record is to relieve the plea in abatement of the necessity of verification.

■ The appellant Glazier contended that Tilton was guilty of bad faith in that a part of the properties included in the option belonged to Tilton himself. The record shows that while Glazier did not know the price that Tilton was getting for his leases, he did know before he made the deal that Tilton was putting some of his, Tilton's, own leases in the properties covered by the option, and that Glazier made no protest or further inquiry concerning what those leases were or the price put on same. That information, apparently satisfactory to Glazier at the time, must be held to be satisfactory now. The assignment is overruled.

The money which bought out the other interest holders in proceeds of the sale of the option was advanced by Glazier. At the time of the compromise in December, 1930, Tilton agreed with Glazier that if Glazier would accept the compromise he, Tilton, would pledge his share therein to reimburse Glazier for any loss he might suffer by his having purchased such other interests. We shall not burden the record with the figures, but if Glazier has collected the two notes, as we have shown above, we must hold, then, that he has suffered no loss on such purchases, but has made a profit thereon.

■■ This brings us to the other defendants who are alleged to owe the notes. The Swensondale Petroleum Company indorsed one of the notes, and the Grantor Oil Company signed the other. Plaintiff is a part owner of those notes which are past due and alleged to be unpaid as to Tilton. If those companies had paid their liability thereon they should have specially pleaded the same. Article 2014, R. S. Berry v. First Nat'l Bank (Tex. Civ. App.) 253 S. W. 537. The Swensondale Petroleum Company, the Venezuelan-Mexican Oil Corporation, the Grantor Oil Company, and others were defendants in the suit filed by Glazier for $50,000. That suit was compromised and in lieu of liability in said suit the Venezuelan paid the $20,000 cash, and all defendants, presumably, delivered the two notes declared on herein. At any rate, no one seeks to avoid that compromise. The appellee cannot recover on the theory that the compromise was invalid and also that it was valid. The briefs show no grounds for a recovery by Tilton against any of the corporate defendants, and the pleadings allege no facts for same, other than the notes. The Swensondale Petroleum Company is liable on the note it indorsed for $1,000. The Grantor Oil Company is liable on the note it signed for $11,000.

The judgment of the trial court in favor of Tilton against Glazier is affirmed. The judgment of the trial court in favor of Tilton against the Swensondale Petroleum Company is reformed to give him judgment for his 11¼ per cent. interest against it on the $1,000 note. The judgment against the Grantor Oil Company is reformed to give Tilton judgment against it on the $11,000 note for his said 11¼ per cent. interest. In no event shall the total received by Tilton under this judgment exceed the amount of his judgment against Glazier. The judgment against the Venezuelan-Mexican Oil Corporation is reversed and here rendered that Tilton take nothing against it. All is without prejudice to the defendants' rights to an adjudgment of satisfaction of this judgment as between each other.

Judgment affirmed in part; reformed and affirmed in part; reversed and rendered in part.

### On Motion for Rehearing.

■ ■ Appellant calls to our attention Detroit Fidelity & Surety Co. v. State of Texas (Tex. Com. App.) 76 S.W.(2d) 492, 493, holding that the issue of prematurity of that suit need not be pleaded in abatement, and citing Austin Bros. Bridge Co. v. Love (Tex. Com. App.) 34 S.W.(2d) 574, as so holding. The order of the Supreme Court in Austin Bros. Bridge Co. v. Love, reversed the Court of Civil Appeals [5 S.W.(2d) 570] when that latter court held the matter must be raised in abatement, but the opinion makes no reference to the issue of abatement. The opinion in Detroit Fidelity & Surety Co. v. Texas, supra, is likewise not definite as to whether the rule is now established in Texas, that if the evidence on the merits discloses that the suit was prematurely filed, and that the right of action has not matured at the time of trial, the suit must be dismissed. If so, then the office of the plea in abatement is greatly reduced from its functions as set out in the earlier decisions of our Supreme Court, which held that, where the issue made goes to the action itself, the plea must be in abatement, or the defense is waived. Humphrey v. Nat'l Fire Ins. Co. (Tex. Com. App.) 231 S. W. 750; Schauer v. Beitels, Ex'r, 92 Tex. 601, 50 S. W. 931; Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342; Allen v. Read, 66 Tex. 13, 17 S. W. 115; Wallace v. First National Bank, 95 Tex. 103, 65 S. W. 180; Drake v. Brander, 8 Tex. 351. That portion of the opinion in the Detroit Case, supra, which holds the defense was not waived was dictum to the decision therein, but it plainly says that the decision in the Austin Bridge Co. v. Love, supra, was intended to hold that the defense of prematurity was not waived by the failure to plead in abatement. Those cases were suits against the surety upon a statutory contractor's bond, given for a builder of public highways. It may be that some distinction can be drawn by saying that, until the commissioners' court determines the amount due by the county under the contract, there is not even an inchoate cause of action on the bond, and that the suit is not, strictly speaking, premature, but rather that no cause of action exists even in futuro. At any rate, whatever the reasoning, it applies with equal force to Glazier for if he never collects the notes involved in this suit he is never liable for the moneys collected.

We are not required by the facts in the case to go further than to say that in deference to these two cases by the Commission of Appeals we hold that the special exception of Glazier to Tilton's petition, calling the court's attention to the fact that there were no allegations in that petition alleging that Glazier had collected any money on the notes, should have been sustained.

The judgment heretofore rendered by this court in this cause is set aside. Since the action against the Swensondale Petroleum Corporation is so closely interwoven with Glazier's case, we think justice is best subserved by reversing and remanding the entire case, and it is so ordered.